UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTONIO BROWN,

                              Plaintiff,

                                                                    **Hon. Hugh B. Scott**

                    v.
                                                                    09CV214S

                                                                    **Order**

OFFICER PRITCHARD, et al.,

                              Defendants.

_____

Before the Court is the <u>pro se</u> plaintiff's motion to compel (Docket No. 38[1]; <u>see also</u>

Docket No. 36). This Court ordered defendants to re-serve their discovery responses and

response to this motion, which apparently plaintiff had not received (Docket No. 61, Order at 5)

and then scheduled plaintiff's reply to be due by July 16, 2010 (<u>id.</u>). Upon plaintiff's request for

extension of time (letter to Chambers, July 7, 2010), his reply deadline was extended to August

5, 2010, and this motion was deemed submitted as of August 5 (Docket No. 65). Also pending

is defendants' motion for summary judgment (Docket No. 51); consideration of that motion

awaits the decision of this motion to compel (<u>see</u> Docket No. 61, Order at 5-6).

BACKGROUND

As initially stated (<u>see id.</u> at 2), this is a civil rights action commenced by an inmate,

alleging that defendant corrections officer Pritchard used excessive force during a pat frisk

_____

[1]In support of his motion, plaintiff submitted three affidavits, Docket Nos. 34, 35, 37, which repeat the initial affidavit in support of this motion, Docket No. 34; letters to Chambers dated May 7, 2010, and June 14, 2010, Docket No. 59; and his reply, Docket No. 66.
       In opposition defendants filed various discovery responses, Docket Nos. 41-49, with proof of service, Docket No. 63; their counsel's declaration, Docket No. 50.

conducted on May 4, 2008, at Attica Correctional Facility ("Attica") (Docket No. 17, Am. Compl. ¶¶ 6-8; see Docket No. 1, Compl. ¶¶ 12-14). Plaintiff then filed a grievance against Pritchard (Docket No. 17, Am. Compl. ¶ 9).

On June 3, 2008, Pritchard allegedly denied plaintiff access to the showers. Plaintiff complained about this denial to defendant Sergeant Marinaccio, but the sergeant ignored the complaint, instead telling Pritchard about it. (Id. ¶¶ 10-11.) Plaintiff then alleges that, when he returned to his cell, Pritchard and defendants Officers Swack, Schuessler, and Sergeant Hodge were waiting for plaintiff in his cell where he was pat frisked, smacked in the head and asked by Pritchard whether plaintiff liked making complaints. Swack then grabbed plaintiff's shirt and asked if he was a "tough guy," and after plaintiff answered, Swack allegedly grabbed plaintiff from behind in a bear hug and threw plaintiff to the ground. The officers then allegedly assaulted, kicked, and punched the prone plaintiff. He was taken to the Special Housing Unit but claims that he was denied pain medication, but later signed up for sick call for the next few days for back, head, hip, and leg injuries. (Id. ¶¶ 12-16.)

Plaintiff then claims that Pritchard made the grievance from the May 4 incident "disappear" but it was found as filed (id. ¶¶ 17, 18). Plaintiff was placed in the Special Housing Unit for nine months (id. ¶¶ 16, 19). Plaintiff alleged "abusive" use of force and retaliation under the First, Eighth, and Fourteenth Amendments, and initially sought $1.5 million in damages (Docket No. 1, Compl. ¶¶ 27, 29).

The initially named defendants answered on September 11, 2009 (Docket No. 14). Plaintiff sought leave to amend the Complaint to allege claims against Superintendent James Conway and Commissioner Brian Fischer (Docket No. 17), which was granted (Docket No. 20).

2

Plaintiff now claims damages totaling $2.5 million (Docket No. 17, Am. Compl. at page 6).

Defendants then answered the Amended Complaint (Docket No. 28).

*Plaintiff's Motion to Compel*

Plaintiff now moves to compel production of log book entries from C-Block on May 4, 2008, and June 3, 2008, which defendants had objected to producing (Docket No. 34, Pl. Aff. ¶ 8). He also seeks the assignment sheets for the yard of C-Block on June 3, 2008; grievances filed against the corrections officer defendants; all decisions by defendant Conway on grievances against the corrections officers; and all complaints filed against these officers with the Inspector General and the decisions of the Inspector General to those complaints (id.; see also Docket No. 66, Pl. Reply at 1, "4," although this is the second page of the document). Plaintiff made additional discovery requests for log book and use of force directives, a listing of where all log books are located at Attica (Docket No. 34, Pl. Aff. at pages 7-9). He argues that the log books would be used to attack the defendants' credibility, given that the log entries are used "to 'document events,' and 'to record activities and staff assigned to various parts of the facility per Directive 4091,'" the directive governing use of log books (id. at 8). As detailed in his reply, plaintiff also seeks a copy of the employee manual and specific sections regarding supervision of inmates and disciplinary and control of inmates and staff planning grid to establish where defendants were in C-Block on May 4, 2008, and June 3, 2008 (Docket No. 66, Pl. Reply at numbered "4"). He now seeks production of Directive 4008, the Watch Commander's Log; the watch commander's log book for June 3, 2008; the department's policy and procedure manual because he learned of these documents after the filing of his motion (id. at third unnumbered page).

Defendants respond that relevant entries from the C-Block log book from May 4 and

June 3, 2008, was produced to plaintiff, both from a log book entitled "C-block logbook" and

one called the "Frisk logbook," with a redacted copy of the entries from the latter also produced.

Defendants explain that the redactions eliminated references to other inmates to protect those

inmates' privacy. (Docket No. 50, Defs. Atty. Decl. ¶¶ 2, 3, Ex. A.) Defense counsel states that

there are no log books for the sergeant's yard and the corrections officers' booth (id. ¶ 4, Ex. B,

Aff. of deputy superintendent of security at Attica, Paul Chappius). Defendants objected to

producing staff assignment sheets, which are in fact a staff planning grid, due to safety and

security and the fact that inmates do not gain access to this information. But defendants did

provide a list of the names of the officers assigned on June 3, 2008, "on the 3-11 shift" at that

cellblock (id. ¶ 6; see also id. Ex. B, Chappius Aff. ¶ 8 (rationale for not disclosing staff planning

grid to inmates)). Defendants also objected to producing all documents proving where

corrections officers were assigned to C-Block on June 3, 2008 (Request No. 5); all grievances

filed against the corrections officer defendants (Request No. 6); all decisions made by the

Commissioner from these grievances (Request No. 7); all complaints filed with the Inspector

General (Request No. 8); and the Inspector General's decisions (Request No. 9) because plaintiff

did not narrow his requests to a particular period of time (Docket No. 50, Defs. Atty. Affirm.

¶ 9). As for the additional requests by plaintiff, defendants contend that these requests were

made days before the motion to compel was filed, hence compelling their production by this

motion was premature; defendants nevertheless also responded to these new demands (id. ¶ 10).

After defendants re-served these responses (see Docket Nos. 63, 61), plaintiff filed his

reply (discussed above) which still seeks production of items. He now contends that the copy of

the employees' manual he received was missing sections regarding supervision of inmates and disciplinary and control of inmates (Docket No. 66, Pl. Reply at numbered "4").

DISCUSSION

I.      Plaintiff's Motion to Compel

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. <u>See</u> 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 2288, at 655-65 (Civil 2d ed. 1994). Rule 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007).

II.     Application

The Court has reviewed defense responses to plaintiff's discovery demands and his motion to compel and will address, first, plaintiff's requests stated for the first time in his reply, then those requests he sought in his original motion.

A.    Supplemental Requests

Plaintiff in his reply seeks the directive for the Watch Commander's log and that log for

June 3, 2008; the department's policy and procedure manual. He seeks the policy and procedure

manual (and presumably the directive for the log) to show how the officers were to proceed

consistent with their officially outlined duties and to attack the officers' credibility. But the issue

is not whether defendants violated departmental policy, so production of these documents will

not lead to anything relevant to his claim or their defenses. Thus, plaintiff's motion to compel

this production is **denied**.

B.    Plaintiff's Initial Requests

Plaintiff seeks production of all grievances (including those to the Inspector General)

concerning these corrections officer defendants and the results of these grievances. Plaintiff did

not address defendants' concern that these requests were not narrowed by a time period, making

their production burdensome (see Docket No. 50, Defs. Atty. Affirm. ¶ 9). This Court agrees

with defendants; plaintiff's requests for five corrections officers' grievance records is overbroad

and burdensome; plaintiff's motion to produce them is **denied**.

He also sought a staff assignment sheet for the officers on particular dates. Defendants

objected due to safety and security concerns (Docket No. 50, Defs. Atty. Aff. ¶ 6, Ex. B,

Chappius Aff. ¶ 8) but produced the names of the officers on duty on C-Block during the

particular date and shift in question. This production **is sufficient** and plaintiff's motion to

compel more material is **denied**.

Plaintiff requests production of the log books and disclosure of their location at Attica

Correctional Facility. Defendants' response to these requests and this motion disclose their

6

location and defendants produced redacted entries from the log books.  Those responses **are sufficient**.

As for the missing sections of the employees' manual, defendants either **shall produce those sections** or **furnish a privilege log and assert a ground for not producing those sections**.  Defendants shall do either by **August 13, 2010**.

CONCLUSION

For the reasons stated above, plaintiff's motion to compel (Docket No. 38) is **denied in part or deemed satisfied by defendants' production and responses to this motion**.  The Court slightly modifies the briefing schedule (cf. Docket No. 61, Order at 6) for defendants' summary judgment motion (Docket No. 51).  Now, all responses to this motion are due by **August 23, 2010**, any reply is due by **August 31, 2010**, and this motion will be deemed submitted (without oral argument) on **August 31, 2010**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        August 6, 2010