UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTONIO BROWN,

                Plaintiff,

                v.

**Hon. Hugh B. Scott**

09CV214S

**Order**

OFFICER PRITCHARD, et al.,

                Defendants.

Before the Court is the pro se plaintiff's motion for extension of the Scheduling Order (Docket No. 89[1]) pursuant to Federal Rule of Civil Procedure 16 and this District's Local Civil Rule 16.1 (effective Dec. 1, 2010[2]) (cf. id., citing to "F.R.C.P. 16.1"), essentially to give him time to compel defendants to produce discovery so he can respond to their latest motion for summary judgment (Docket No. 81). Plaintiff also termed this motion to be pursuant to Federal Rule of Civil Procedure 56(f) (Nov. 2010)[3] (Docket No. 89). Responses to this motion were due by January 5, 2011, with any reply due by January 19, 2011, and this motion was deemed submitted as of January 19, 2011 (Docket No. 91). Consideration of the defense motion for summary

---

[1] In support of his motion, plaintiff submitted his notice of motion and an affidavit, Docket No. 89.
    In opposition defendants filed their memorandum of law, Docket No. 93.

[2] This Court amended its Local Civil Rules, effective January 1, 2011. Citations here will be to the pre-January 2011 version of the Local Rules.

[3] Rule 56 has been revised, effective December 1, 2010. The provision regarding unavailable facts is now Rule 56(d). Citations will be to the December 2010 version of the rule.

judgment (Docket No. 81) awaits the decision of this motion for extension of time (see Docket No. 91).

## BACKGROUND

This is a pro se prisoner's civil rights action, alleging that defendant corrections officer Pritchard used excessive force during a pat frisk conducted on May 4, 2008, at Attica Correctional Facility ("Attica") (Docket No. 17, Am. Compl. ¶¶ 6-8; see Docket No. 1, Compl. ¶¶ 12-14). In another incident with this officer, on June 3, 2008, Pritchard allegedly denied plaintiff access to the showers. Plaintiff complained about this denial to defendant Sergeant Marinaccio, but the sergeant ignored the complaint, instead telling Pritchard about it. (Id. ¶¶ 10-11.) Plaintiff then alleges that, when he returned to his cell, Pritchard and defendants Officers Swack, Schuessler, and Sergeant Hodge were waiting for plaintiff in his cell where he was pat frisked, smacked in the head and asked by Pritchard whether plaintiff liked making complaints. Swack then grabbed plaintiff's shirt and asked if he was a "tough guy," and after plaintiff answered, Swack allegedly grabbed plaintiff from behind in a bear hug and threw plaintiff to the ground. The officers then allegedly assaulted, kicked, and punched the prone plaintiff. He was taken to the Special Housing Unit but claims that he was denied pain medication, but later signed up for sick call for the next few days for back, head, hip, and leg injuries. (Id. ¶¶ 12-16.)

Plaintiff then claims that Pritchard made the grievance from the May 4 incident "disappear" but it was found as filed (id. ¶¶ 17, 18). Plaintiff was placed in the Special Housing Unit for nine months (id. ¶¶ 16, 19). Plaintiff alleged "abusive" use of force and retaliation under the First, Eighth, and Fourteenth Amendments, and initially sought $1.5 million in damages (Docket No. 1, Compl. ¶¶ 27, 29).

The initially named defendants answered on September 11, 2009 (Docket No. 14). Plaintiff sought leave to amend the Complaint to allege claims against Superintendent James Conway and Commissioner Brian Fischer (Docket No. 17), which was granted (Docket No. 20). Plaintiff now claims damages totaling $2.5 million (Docket No. 17, Am. Compl. at page 6). Defendants then answered the Amended Complaint (Docket No. 28).

Under the current Scheduling Order (Docket No. 16), discovery was to be completed by March 18, 2010, with dispositive motions due by November 18, 2010 (Docket No. 77).

*Plaintiff's Motion to Compel*

Plaintiff moved to compel production of log book entries from C-Block on May 4, 2008, and June 3, 2008, which defendants had objected to producing (Docket No. 34, Pl. Aff. ¶ 8). He also sought the assignment sheets for the yard of C-Block on June 3, 2008; grievances filed against the corrections officer defendants; all decisions by defendant Conway on grievances against the corrections officers; and all complaints filed against these officers with the Inspector General and the decisions of the Inspector General to those complaints (id.; see also Docket No. 66, Pl. Reply at 1, "4," although this is the second page of the document). Plaintiff made additional discovery requests for log book and use of force directives, a listing of where all log books are located at Attica (Docket No. 34, Pl. Aff. at pages 7-9). As detailed in his reply to his motion to compel, plaintiff also seeks a copy of the employee manual and specific sections regarding supervision of inmates and disciplinary and control of inmates and staff planning grid to establish where defendants were in C-Block on May 4, 2008, and June 3, 2008 (Docket No. 66, Pl. Reply at numbered "4"), as well as production of Directive 4008, the Watch Commander's Log; the watch commander's log book for June 3, 2008; the department's policy and procedure

3

manual because he learned of these documents after the filing of his motion (id. at third unnumbered page).

Defendants responded that relevant entries from the C-Block log book from May 4 and June 3, 2008, were produced to plaintiff. Defendants objected to producing staff assignment sheets due to safety and security concern, but defendants did provide a list of the names of the officers assigned on June 3, 2008, "on the 3-11 shift" at that cellblock (id. ¶ 6; see also id. Ex. B, Chappius Aff. ¶ 8 (rationale for not disclosing staff planning grid to inmates)). Pertinent to plaintiff's present motion, defendants also objected to producing all grievances filed against the corrections officer defendants (Request No. 6); all decisions made by the Commissioner from these grievances (Request No. 7); all complaints filed with the Inspector General (Request No. 8); and the Inspector General's decisions (Request No. 9) because plaintiff did not narrow his requests to a particular period of time (Docket No. 50, Defs. Atty. Affirm. ¶ 9).

After defendants re-served these responses (see Docket Nos. 63, 61), plaintiff filed his reply (discussed above) which still sought production of many of these items (Docket No. 66, Pl. Reply at numbered "4").

Plaintiff's motion to compel was granted in part (defendants were to turn over certain discovery or provide a privilege log) and denied in part (having deemed some requests already satisfied by defense production made subsequent to the motion) (Docket No. 67). Plaintiff had not sought additional time to complete this discovery when he made this motion to compel.

*Defense Motions for Summary Judgment*

Defendants meanwhile filed their initial motion for summary judgment as to plaintiff's retaliation claims (Docket No. 51). This motion was granted (Docket No. 94 (Order of Jan. 6,

4

2011, adopting Report & Recommendation, Docket No. 75)); familiarity with that first Report & Recommendation (Docket No. 75) and Order (Docket No. 94), as well as the Order on plaintiff's motion to compel (Docket No. 67), is presumed.

Defendants then filed the pending second motion for summary judgment (Docket No. 81) to dismiss claims against supervisory defendants Conway and Fischer. Plaintiff's present motion for extension of the Scheduling Order (Docket No. 89) was deemed, in part, to be in response to that motion (see Docket No. 91).

*Plaintiff's Present Motion for Extension of Time*

In response to this second dispositive motion, plaintiff moved for extension of the Scheduling Order to allow for more time to complete discovery (Docket No. 89). Plaintiff seeks discovery of complaints and grievances against defendants to find possible issues of fact to counter the moving defendants' summary judgment motion (id. at 1). Plaintiff wants discovery to show "numerous notices about how the defendants (Pritchard, Swack, Schuessler, Hodge, and Marinaccio) were accused many, many time[s]" of assault, and other unlawful activities (id.). Although Conway and Fischer allegedly were aware of these complaints, plaintiff contends that they did nothing to prevent further harm (id. at 1-2), in particular against plaintiff. Plaintiff intends to use these complaints and grievances "to prove that defendants [Conway and Fischer] had constructive notice of the many violation[s] committed by their subordinates" (id. at 2, Pl. Statement of Facts ¶ 6). Plaintiff alludes to other, unnamed inmates (in other facilities) who told him of prior misconduct by Pritchard and Pritchard having a reputation of abusing inmates in Attica Correctional Facility (id., Pl. Statement of Facts ¶¶ 7-9). Plaintiff concludes that Conway and Fischer should have acted in light of these numerous complaints (id. at 3, Pl. Statement of

5

Facts ¶ 11). Without these grievances and complaints (or more time to gather them in discovery) plaintiff also concludes that he cannot respond to Conway and Fischer's present motion (id., Pl. Argument ¶¶ 12-15).

Plaintiff argues that a "necessary causal connection between actions of supervising official and alleged constitutional deprivation can be established" to show personal liability under 42 U.S.C. § 1983 "when [a] history of widespread abuse puts responsible supervisor on notice of [the] need to correct alleged deprivations, but he failed to do so" (id. at 4, Pl. Memo. of Law ¶ 17, citing Danley v. Allen, 540 F.3d 1298, 1314 (11th Cir. 2008), overruled Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (overruled on heightened pleading standard after Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937 (2009)); see also id., Pl. Memo. of Law ¶ 18, citing West v. Tillman, 496 F.3d 1321, 1328-29 (11th Cir. 2007)).

Defendants respond that the discovery relief sought by plaintiff (the reason for extension of time) has been denied by this Court already (Docket No. 93, Defs. Memo. at 2-3). Plaintiff, in effect, is seeking reconsideration of that denial and defendants contend that reconsideration is not appropriate here (id. at 2). They term plaintiff's discovery requests for documents filed by any inmate against these defendants to be overbroad (id. at 3-4).

## DISCUSSION

I.  Standard–Extension of Time

Under Federal Rule of Civil Procedure 16, the Court sets a schedule for the pretrial events in this case, Fed. R. Civ. P. 16(b); see W.D.N.Y. Loc. Civ. R. 16.1(a)(4). Modification of a Scheduling Order is done only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4); see 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure

§ 1522.1, at 230-31(Civil 2d ed. 1990). "In the absence of some showing of why an extension is warranted, the scheduling order shall control." Id. at 231. This Court has broad discretion in preserving the integrity of its Scheduling Orders, see Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996), including the discretion to extend its deadlines when good cause is shown.

Under amended Rule 56(d), if a nonmovant for summary judgment "shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order," Fed. R. Civ. P. 56(d) (Dec. 2010) (formerly Fed. R. Civ. P. 56(f) (2009)).

II.     Application

Plaintiff seeks more time to conduct discovery and for defendants to produce grievances and complaints lodged against the corrections officer defendants, on the theory that the supervisory movant defendants were on constructive notice of the danger of these officers (Pritchard in particular).

Moving defendants in their motion argue that Conway and Fischer lacked personal involvement in plaintiff and his two incidents at issue in this case to be liable for a civil rights violation (see generally Docket No. 81). Plaintiff seeks discovery of other episodes involving the corrections officers to establish some sort of constructive notice by the moving supervisory defendants. Plaintiff cites (Docket No. 89, Pl. Motion at 4, Pl. Memo. of Law ¶¶ 17, 18) two Eleventh Circuit cases, Danley v. Allen, supra, 540 F.3d 1298 (11th Cir. 2008); West v. Tillman, supra, 496 F.3d 1321 (11th Cir. 2007), for the proposition that a causal connection between

7

supervisory defendants and their subordinates' illegal actions can be made if there is a history of widespread abuse that has not been remedied. Plaintiff's cases quote the Eleventh Circuit standard set forth in Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990), that the "deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continuing duration, rather than isolated occurrences," see also Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting, in turn, Brown, supra, 906 F.3d at 671).

This Court, in Green v. Herbert, 677 F. Supp. 2d 633, 637-38 (W.D.N.Y. 2010) (Larimer, J.), recognized that other "courts have held that a prisoner can establish the requisite link between a supervisory defendant and an underlying constitutional deprivation by showing 'a history of widespread abuse' that put the supervisor on notice of the need to correct the unconstitutional practices, and that he failed to do so" (citing 11th Circuit and 3d Circuit cases, including Brown, supra). Judge Larimer noted that "the mere fact that other incidents, involving other inmates, may have occurred, however, does not mean that the supervisory defendants were on notice of them, that they tolerated staff assaults on inmates, or that they were otherwise personally involved in the violation that forms the basis of plaintiff's excessive-force claim here," id. at 637 (emphasis in original), holding that events that occurred after the incident at issue in that case cannot be used by plaintiff to show the causal connection, id. at 638. Judge Larimer then concluded that "there is, then, no evidence here to show that the supervisory defendants were aware of ongoing unconstitutional practices that they allowed to occur. That lack of evidence is fatal to plaintiff's claim against those defendants," id. (citations omitted).

In this case, plaintiff only alleges that Pritchard was "well known for abusing inmates," being accused and charged with raping an inmate, and setting up other inmates with possessing weapons, taking their property, and other inmates avoiding being in the prison yard with him so as not to have a confrontation, with these facts known to defendants Conway and Fischer (Docket No. 17, Am. Compl. ¶¶ 20, 21; see also Docket No. 89, Pl. Motion ¶ 7). In this present motion, plaintiff alleges incidents in which Pritchard conducted unlawful acts against other inmates at the Wende, Great Meadow, and Attica Correctional Facilities (Docket No. 89, Pl. Motion ¶¶ 7-9). Plaintiff seeks discovery (and more time to conduct this discovery) to learn of grievances and complaints filed against Pritchard (and the other corrections officer defendants). What plaintiff has yet to show is that the supervisory defendants had constructive notice of the other incidents that Pritchard and the other corrections officers were accused on engaging in. Plaintiff also does not allege incidents involving the other corrections officers that would put the supervisory defendants on notice or establish a causal connection between supervisors and these officers' actions.

Discovery of the complaints and grievances, and how they were processed, would disclose what notice Conway or Fischer had of these incidents to determine whether they were grossly negligent in managing their subordinates to make them liable in this incident, see Meriwether v. Coughlin, 879 F.2d 1037, 1048 (2d Cir. 1989). But given both the limited allegations made by plaintiff and defendants' earlier objections to the overbroad scope of plaintiff's request, the discovery will be limited to the grievances and complaints leveled against Pritchard only and only those up to May 4, 2008, the date of the first incident, see Green, supra, 677 F. Supp. 2d at 638,

with the results of those complaints, and whether Conway or Fischer were made aware of these complaints and grievances.

As a result, opponent discovery to enable him to respond to a summary judgment motion is good cause under Rule 16(b)(4), as well as Rule 56(d)(effective Dec. 1, 2010) for an extension of the Scheduling Order. Plaintiff's motion (Docket No. 89) for extension of the Scheduling Order to afford time for that discovery is **granted**, pursuant to Federal Rule of Civil Procedure 56(d)(2).

A separate Report & Recommendation considers the pending defense summary judgment motion (Docket No. 81) in light of this Order.

## CONCLUSION

For the reasons stated above, plaintiff's motion for extension of Scheduling Order (Docket No. 89) is **granted**.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
February 8, 2011