UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTONIO BROWN,

                Plaintiff,

                                                          **Hon. Hugh B. Scott**

                v.

                                                          09CV214S

                                                             **Order**

OFFICER PRITCHARD, et al.,

                Defendants.

      Before the Court is the pro se plaintiff's latest motion for leave to amend the Complaint to add a new defendant, Sibatu Khahifa (Docket No. 108; see letter of Assistant Attorney General Kim Murphy to Chambers, May 3, 2011, hereinafter "Murphy letter").  After some extensions (see Docket Nos. 109, 113), this Court issued a briefing schedule in which defendants were to respond by May 11, 2011, and plaintiff could reply by May 25, 2011 (Docket No. 115), with this motion (as well as a defense motion for a Protective Order, Docket No. 106) deemed submitted (without oral argument) on May 25, 2011 (Docket No. 115).  Defense counsel wrote to the Court on May 3, 2011, indicating that she had no objection to granting leave to amend, reserving the defense right to move to dismiss this claim at a later time (Murphy letter).

      Also pending is the defense motion for a Protective Order (Docket No. 106); this Court will address this motion separately.  Plaintiff also filed (Docket No. 116, dated Apr. 25-26, 2011, filed May 2, 2011) another motion for leave to amend the Complaint, here to add five other Department of Correctional Services' ("DOCS") officials.  This Order only considers plaintiff's earlier motion for leave to amend (Docket No. 108).

BACKGROUND

This is a civil rights action commenced by an inmate, alleging that defendant corrections officer Pritchard used excessive force against him during a pat down frisk conducted on May 4, 2008, at Attica Correctional Facility (Docket No. 1, Compl.).  Plaintiff then filed a grievance against Officer Pritchard.  On June 3, 2008, Pritchard allegedly denied plaintiff access to the showers.  Plaintiff complained about this to defendant Sergeant Marinaccio, but the sergeant ignored the complaint, instead telling Pritchard about it.  Plaintiff then alleges that Pritchard and defendants Officers Swack, Schuessler, and Sergeant Hodge were waiting for plaintiff in his cell where he was pat frisked, smacked in the head and asked by Pritchard whether plaintiff liked making complaints.  Swack then grabbed plaintiff's shirt and asked if he was a "tough guy," and after plaintiff answered, Swack allegedly grabbed plaintiff from behind in a bear hug and threw plaintiff to the ground.  Officers then allegedly assaulted, kicked, and punched the prone plaintiff. (Id. at 3-4.)  Plaintiff filed another grievance from the June 3 incident (id. at 4).  Plaintiff claims that Pritchard made the grievance from the May 4 incident "disappear" but it was found as filed (id. at 4-5).  Plaintiff then was placed in the Special Housing Unit for nine months (id. at 5). Plaintiff alleges "abusive" use of force and retaliation under the First, Eighth, and Fourteenth Amendments (id. at 5-6).

Plaintiff then amended this Complaint to allege claims against DOCS Commissioner Brian Fischer and Attica Correctional Facility Superintendent James Conway (Docket No. 17). The new claim alleges that Pritchard was feared by inmates and civilians and was well known for abusing inmates (including raping inmates and stealing from them) (id. ¶ 20; see Docket No. 19, Pl. Motion ¶ 3).  Plaintiff contends that Fischer and Conway knew about Pritchard and

nevertheless allowed him to work at Attica Correctional Facility in deliberate disregard for the safety of inmates (Docket No. 17, Am. Compl. ¶ 21), including plaintiff.

After discovery, including discovery related to a then-pending defense summary judgment motion by defendants Conway and Fischer (see also Docket Nos. 81 (motion), 97 (Report & Recommendation recommending denying motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d)), plaintiff now moves to add "S. Khaharf" as a defendant (Docket No. 108). In response, defendants correct the name, and state that they have no objection to plaintiff amended the Complaint to assert claims against "Sibatu Khahifa" (Murphy letter).

DISCUSSION

I.      Plaintiff's Motion for Leave to Amend to Add Khahifa as a Defendant (Docket No. 108)

Under Federal Rule of Civil Procedure 15(a)(2), amendment of pleadings after the time to do so as of right requires either written consent of all parties or by leave of the Court. Motions for leave to amend the complaint are to be freely given when justice requires. Granting such leave is within the sound discretion of the Court. Foman v. Davis, 371 U.S. 178, 182 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Foman, supra, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

If a plaintiff is proceeding (as here) pro se, leave to amend should be freely granted. Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988) (pro se should be freely afforded opportunity to amend). In general, the pleading of a pro se plaintiff, is to be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).

> "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, [550 U.S. 544, 555] (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp., supra, at [550 U.S. at 555-56] (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974))."

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). In Erickson, the Court held that the Tenth Circuit departed from the liberal pleading standards of Rule 8(a)(2) by dismissing a pro se inmate's claims.

> "The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed pro se is 'to be liberally construed,' [Estelle v. Gamble, 429 U.S., 97, 106 (1976)], and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' ibid. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

551 U.S. at 94; see Boykin v. Keycorp, 521 F.3d 202, 213-14 (2d Cir. 2008). Thus, the pro se plaintiff's Complaint has to be construed "more liberally" than one filed by counsel, Boykin, supra, 521 F.3d at 214, presumably his amended pleading also has to be so liberally construed.

The amendment here adds another DOCS employee as a defendant and charging him with supervisory liability due to his role in reviewing grievances lodged against defendant Pritchard (Docket No. 108, Pl. Aff. ¶¶ 2, 4-6).

Plaintiff did not file with his motion a proposed Amended Complaint[1], cf. W.D.N.Y. Loc. Civ. R. 15(a) (effective Jan. 1, 2011).  Since defendants do not object (sending their written consent, cf. Fed. R. Civ. P. 15(a)(2)) and plaintiff proceeding pro se and the liberality of pleading allowed to pro se parties, plaintiff's motion for leave to amend is **granted**; he is to file the Second Amended Complaint with the new allegations against Khahifa only by **June 8, 2011**.  Once filed, the Clerk of Court is instructed to have the United States Marshal serve the Amended Complaint upon the new defendant Khahifa.  It is presumed from defense counsel's lack of objection to this latest Amended Complaint (see Murphy letter) that she will consent to accept service of this amended pleading for all of the other named defendants in this action.

II.   Plaintiff's New Motion for Leave to Amend the Complaint (Docket No. 116)

Plaintiff also filed a motion to add five other Corrections Department officials (chief of investigations for the Inspector General of DOCS Vernon Fonda; former Inspector General Richard Roy; three John Doe officials, the unnamed director of the Bureau of Labor Relations for DOCS, the chief investigator for the Bureau of Labor Relations, and the Deputy Commissioner of DOCS) as defendants.  Defendants, while consenting to the amendment to add Khahifa, have not stated their position as to adding these five new defendants.

---

[1] Nor did he do so for his other proposed amended Complaint to add five more defendants, Docket No. 116.

Pursuant to this Court's Local Civil Rule 15(a) (effective Jan. 1, 2011), plaintiff is to file an unsigned copy of the proposed Amended Complaint by **May 27, 2011**; responses to this motion are due by **June 8, 2011**, and any reply is due by **June 23, 2011**, and this motion will be deemed submitted (without oral argument).

III.     Defendants' Motion for a Protective Order (Docket No. 106)

As for the remaining pending motion by defendants for a Protective Order (Docket No. 106), the current briefing schedule (Docket No. 115) remains as previously ordered; any reply to this motion is due by **May 25, 2011**, and this motion will be deemed submitted, without oral argument, on **May 25, 2011**.

So Ordered.

                                             */s/ Hugh B. Scott*
                                            Honorable Hugh B. Scott
                                            United States Magistrate Judge

Dated: Buffalo, New York
       May 13, 2011