UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTONIO BROWN,

                      Plaintiff,

                                                                 **Hon. Hugh B. Scott**

                                                                  09CV214S

              v.

                                                                    **Order**

OFFICER PRITCHARD, et al.,

                      Defendants.

Now before this Court is defendants' motion (Docket No. 106[1]) for a Protective Order or modification of this Court's earlier Order (Docket No. 96) relative to defendants' then-pending summary judgment motion (Docket No. 81; see also Docket No. 97, Report & Recommendation recommending denial of defense summary judgment motion without prejudice to allow plaintiff discovery in order to allow him to respond to motion) and plaintiff's cross motion for extension of time to complete his discovery (Docket No. 89). Also filed (at the instruction of Chambers) is plaintiff's latest motion for discovery regarding grievances of other defendant officers (Docket No. 122).

Previously, defendants moved for summary judgment on behalf of defendants Attica Correctional Facility ("Attica") Superintendent James Conway and Commissioner Brian Fischer

---

[1]In support of this motion, defendants submitted their attorney's affidavit, with the attached affidavit of Vernon Fonda, the chief of investigations/inspector general of the New York State Department of Correctional Services, Docket No. 106; their attorney's reply declaration, Docket No. 118.
       In opposition, plaintiff submits his Response to Defendants' Protective Order Motion, including his affidavit, Docket No. 112.

(Docket No. 81). This Court recommended denial of that motion (without prejudice) pending plaintiff's discovery to enable him to respond to that motion (Docket No. 96, Order; Docket No. 97, Report & Recommendation). That Report & Recommendation was adopted by Chief Judge Skretny (Docket No. 104). This Court ordered disclosure of complaints and grievances against defendant Pritchard (among other corrections officers) to show defendants Conway and Fischer's supervisory liability for their constructive notice of these complaints. Plaintiff objected to the limitation of the ordered discovery (Docket No. 99), but this objection was denied by Chief Judge Skretny (Docket No. 105). This Court gave the parties until March 24, 2011, to complete this limited discovery (Docket No. 103; see Docket Nos. 96, 98).

Defendants in the present motion seek a Protective Order for documents to be produced by the New York State Department of Correctional Services ("DOCS") Inspector General prior to production to plaintiff to either have these Inspector General records reviewed in camera prior to releasing them to plaintiff or produced with redactions (Docket No. 106). Responses to this motion eventually were due (cf. Docket No. 107) on May 11, 2011, with any reply due by May 25, 2011, and the motion being deemed submitted on May 25, 2011 (Docket Nos. 113, 115, 117).

Also pending, but on a different briefing period, is plaintiff's motion for leave to amend the Complaint to add five DOCS Inspector General's office employees (including Vernon Fonda)

as defendants (Docket No. 116)². This motion is based, in part, upon information plaintiff learned in the present motion for a Protective Order (see id.).

## BACKGROUND

This is a pro se prisoner's civil rights action, alleging that defendant corrections officer Pritchard used excessive force in conducting a pat frisk on May 4, 2008, at Attica (Docket No. 17, Am. Compl. ¶¶ 6-8; see Docket No. 1, Compl. ¶¶ 12-14). In another incident with this officer, on June 3, 2008, Pritchard allegedly denied plaintiff access to the showers. Plaintiff complained about this denial to defendant Sergeant Marinaccio, but the sergeant ignored the complaint, instead telling Pritchard about it. (Id. ¶¶ 10-11.) Plaintiff then alleges that, when he returned to his cell, Pritchard and defendants Officers Swack, Schuessler, and Sergeant Hodge were waiting for plaintiff in his cell where he was pat frisked, smacked in the head and asked by Pritchard whether plaintiff liked making complaints. Swack then grabbed plaintiff's shirt and asked if he was a "tough guy," and after plaintiff answered, Swack allegedly grabbed plaintiff from behind in a bear hug and threw plaintiff to the ground. The officers then allegedly assaulted, kicked, and punched the prone plaintiff. He was taken to the Special Housing Unit and claims that he was denied pain medication, but he later signed up for sick call for the next few days for back, head, hip, and leg injuries. (Id. ¶¶ 12-16.) Plaintiff then claims that Pritchard made plaintiff's grievance from the May 4 incident "disappear" but it was found as filed (id.

---

²To clarify some confusion the plaintiff had with the Orders concerning this second Amended Complaint, see Docket No. 120, 2d Am. Compl., attached letter of May 23, 2011, he was ordered to file the second Amended Complaint (adding Khahifa) by June 8, 2011, and he was to file his proposed third Amended Complaint (naming five additional defendants) by May 27, 2011, to complete his other motion for leave to further amend the Complaint, Docket No. 117, Order at 4, 6; see also Docket No. 116, Pl. Motion for Leave to Amend.

¶¶ 17, 18).  Plaintiff alleged "abusive" use of force and retaliation under the First, Eighth, and Fourteenth Amendments, and initially sought $1.5 million in damages (Docket No. 1, Compl. ¶¶ 27, 29).  Defendants answered that pleading (Docket No. 14).

Plaintiff later sought (Docket No. 17) and was granted (Docket No. 20) leave to amend the Complaint to allege supervisory liability claims against Conway and Fischer (Docket No. 17; see also Docket No. 28, Answer to Amended Compl.).  The Amended Complaint alleges that Pritchard was notorious for abusing prisoners and defendants Conway and Fischer were aware of Pritchard's activities and reputation but had him continue to work at Attica (Docket No. 17, Am. Compl. ¶¶ 20-21).

Plaintiff next sought discovery from defendants on other grievances and complaints alleged against Pritchard (see Docket Nos. 38, 34), which this Court initially denied (Docket No. 67; see Docket No. 72 (plaintiff's objections to this Order); Docket No. 74 (denial Order)).  After Conway and Fischer moved for summary judgment (see Docket No. 81), plaintiff responded that he could not address the motion absent some discovery (Docket No. 89), and this Court allowed plaintiff in a limited fashion to conduct discovery to enable him to respond to the defense motion for summary judgment (Docket No. 96).  That summary judgment motion was denied, without prejudice, pending this discovery (Docket Nos. 97, 104).

*Defense Motion for Protective Order*

Defendants have identified 26 inmate complaints (other than plaintiff) to the DOCS Inspector General that fall under plaintiff's discovery requests (as confined by this Court's Order) (Docket No. 106, Defs. Atty. Decl. ¶ 5; id., Decl. of Vernon Fonda ¶ 3).  They raise safety and security concerns about releasing to an inmate plaintiff copies of these complaints and grievances

(id., Defs. Atty. Decl. ¶ 5; id., Fonda Decl. ¶¶ 6-10). Defendants request either in camera review of these 26 complaints, with complaining inmates' names redacted, to determine whether to produce them to plaintiff; or produce complaints redacted to remove complainants' names and other sensitive information; and to have complaints not produced in plaintiff's cell but in another location (id., Defs. Atty. Decl. ¶ 5). The Inspector General investigates allegations of violations of DOCS's rules and regulations, employee rules, and violations of New York Penal Law by inmates and employees, referring substantiated incidents for review and possible disciplinary action and/or criminal prosecution (id., Fonda Decl. ¶ 4). Substantiated employee misconduct is referred to the DOCS's Bureau of Labor Relations[3] for consideration of administrative disciplinary action and potential violations of criminal law are referred to the District Attorney and to Labor Relations for action (id.). The Inspector General preserves the confidentiality of its processes by methods to avoid anyone identifying an informant (id. ¶¶ 7, 9). Even in redacted form, defendants contend would impair the effectiveness of the Inspector General in obtaining confidential complaints (id. ¶¶ 6, 8). Chief of investigations/inspector general Vernon Fonda states that the 26 complaints he has reviewed here have not been substantiated (id. ¶ 3), hence no further action was taken as to them, and he did not believe that Commissioner Fischer "had any role, knowledge or involvement in the handling of these complaints by the IG's office" (id.).

Plaintiff responds that numerous complaints have been filed against officer Pritchard but each has been found that he did nothing wrong. Plaintiff concludes that defendants "are deliberately indifferent to inmates' complaints that are filed against officer Pritchard." (Docket

---

[3]Plaintiff proposes to name as new defendants John Doe official from the Bureau of Labor Relations, see Docket No. 116.

No. 112, Pl. Response at 2.)  Defendants had produced 12 grievances but have not produced the 26 grievances identified by the Inspector General's office (id.).  Plaintiff argues that defendants could produce these 26 other grievances with names redacted, as they had produced the 12 grievances (id. at 3).  Plaintiff believes that these records would show whether complaints were sent to the Commissioner's office, what actions were deemed appropriate, and what ever disciplinary action was taken against Pritchard.  Plaintiff, in a separate affidavit, states that he never tried to intimidate anyone who has cooperated with the Inspector General in the 28 years of plaintiff's incarceration (id., Pl. Aff.).

In reply, defendants contend that plaintiff does not grasp the danger of releasing confidential inspector general complaints, reiterating the reasons for confidentiality (to encourage disclosure of misconduct) (Docket No. 118, Defs. Atty. Reply Decl. ¶¶ 5-6).

*Plaintiff's Latest Discovery Motion*

In a letter dated June 1, 2011, plaintiff now moves for defendants to submit grievances against Pritchard from January 2006 to May 2008, rather than grievances from May 2007 to May 2008 submitted by defendants (Docket No. 122, Pl. letter motion at 2).  Plaintiff wants an Order to prevent defendants from destroying grievances, since the department's record retention policy documents older than five years old are destroyed (id. at 2, 3).  He also seeks grievances against defendants Swack, Schuessler, Marinaccio, and Hodge, and seeks an Order to have defendants preserve these grievances from destruction (id. at 3), but does not state the predicate basis (unlike Pritchard) that these officers were notorious and that supervisory defendants Fischer and Conway were on notice of their antics.

This Order will address the briefing for plaintiff's latest motion.

DISCUSSION

I.   Defense Protective Order

As plaintiff notes (Docket No. 112, Pl. Response at 3), the party seeking a Protective Order bears the burden of establishing good cause for the Order, see Fed. R. Civ. P. 26(c).  Under that rule, this Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." including forbidding disclosure or discovery; specifying the terms for discovery or disclosure; forbidding inquiry into certain matters or limiting the scope of disclosure or discovery, id. R. 26(c)(1)(A), (B), (D).  If a motion for a Protective Order is partially denied, the Court may, "on just terms" order any party to provide or permit discovery, id. R. 26(c)(2).

Plaintiff admits that inmates do not trust the Inspector General or any other person in DOCS (Docket No. 112, Pl. Response at 3; cf. Docket No. 118, Defs. Atty. Reply Decl. ¶ 7).  Disclosure sought by plaintiff, even with complainants' names redacted, would erode that trust even more.

The scope for discovery generally is to obtain "any nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), that is "discovery reasonably calculated to lead to discovery of admissible evidence," id.  The reason for this limited discovery here was to allow plaintiff to respond to the defense motion for summary judgment under Rule 56(d) and to address defendants' contention that the movants had no personal involvement with plaintiff and his claimed deprivations.  This excursion into the Inspector General's complaint record for officer Pritchard was to show the constructive notice that movants Fischer and Conway had of Pritchard's unlawful activities.  The question thus is whether review of these 26 Inspector

General's files, even in camera with the complainants' names redacted, is necessary. The point for the case presently positioned is whether Fischer and Conway had constructive notice of complaints against Pritchard. According to Fonda from the Inspector General's office, only substantiated complaints are referred for administrative or criminal proceedings and the 26 complaints identified here were not substantiated and he did not believe Commissioner Fischer had any role in them (Docket No. 106, Fonda Decl. ¶¶ 3, 4).

Under Rule 26(c)(1)(C), this Court also may "prescribe a discovery method other than the one selected by the party seeking discovery". Here, production of the Inspector General's files of these complaints, even redacted, endangers breaches of confidentiality. Plaintiff, although he may not wish to disclose or use the information from these files, has little control of his surroundings and others, not parties to this action, may have (inadvertent) access to these records if left in plaintiff's cell or with his personal effects. The confidentiality of those who file grievances or complaints should be respected. The answers to plaintiff's discovery inquires (see Docket No. 112, Pl. Response at 4) are better addressed as interrogatories. Defendants are asked

1. whether the 26 complaints identified by the Inspector General against officer Pritchard were sent to the office of Commissioner Fischer;
2. when each of these complaints was filed;
3. what disciplinary action was taken against Pritchard on that complaint;
4. who was informed of the discipline taken against Pritchard;
5. whether that discipline was applied to Pritchard; and
6. whether there were any admissions made by defendants in the investigations of these complaints.

Plaintiff does not need to know the name of the complainants; he appears to be satisfied with receiving redacted grievances without the complainants' names. Pertinent to this case is how the defendants responded to grievances, not the fact that grievances were filed.

II.     Plaintiff's June 1 Motion, Docket No. 122

This motion raises two issues. First, whether defendants have produced grievances within the scope previously ordered; second, whether the scope of this disclosure should expand to include grievances alleged against other corrections officer defendants aside from Pritchard. This Court ordered defendants to produce grievances "leveled against Pritchard only and only those up to May 4, 2008, the date of the first incident" (Docket No. 96, Order at 9, citation omitted), but without setting out the start date for that disclosure.

For a complete record on this issue, defendants shall respond to this motion by **July 14, 2011**; plaintiff then may reply by **July 25, 2011**, and this motion will be deemed submitted as of **July 25, 2011**.

CONCLUSION

For the reasons stated above, defendants' motion for a Protective Order (Docket No. 106) is **granted** as discussed above. To wit, defendants shall not produce the 26 grievances identified by the Department of Correctional Services' office of Inspector General, but shall answer the interrogatory questions posed in this Order (at 7-8). Defendants shall answer these Interrogatories by **July 21, 2011**.

As for plaintiff's motion to compel (Docket No. 122), defendants shall respond to this motion by **July 14, 2011**; plaintiff then may reply by **July 25 2011**, and this motion will be deemed submitted as of **July 25, 2011**.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
June 24, 2011