UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTONIO BROWN,

                          Plaintiff,

                                                                   **Hon. Hugh B. Scott**

                        v.

                                                                     09CV214S

                                                                      **Order**

OFFICER PRITCHARD, et al.,

                        Defendants.

Before the Court is the <u>pro se</u> plaintiff's third (<u>cf.</u> Docket Nos. 17, 108) motion for leave to amend the Complaint to add new defendants (Docket No. 116), now certain officials (known and unknown) in the New York State Department of Correctional Services' office of Inspector General. This Court issued a briefing schedule in which, pursuant to this Court's Local Civil Rule 15(a) (effective Jan. 1, 2011), plaintiff was to file an unsigned copy of the proposed Amended Complaint by May 27, 2011, defendants were to respond by June 8, 2011, and any reply was due by June 23, 2011, with this motion deemed submitted (without oral argument) on June 23, 2011 (Docket No. 117). Plaintiff eventually filed his proposed amended pleading (Docket No. 126). Defendants filed their objections through the declaration of counsel (Docket No. 121), to which plaintiff later replied (Docket No. 127).

BACKGROUND

This is a civil rights action commenced by an inmate, alleging that defendant corrections officer Pritchard used excessive force against him during a pat down frisk conducted on May 4, 2008, at the Attica Correctional Facility ("Attica") (Docket No. 1, Compl.). Plaintiff then filed a

grievance against Officer Pritchard.  On June 3, 2008, Pritchard allegedly denied plaintiff access to the showers.  Plaintiff complained about this to defendant Sergeant Marinaccio, but the sergeant ignored the complaint, instead telling Pritchard about it.  Plaintiff then alleges that Pritchard and defendants Officers Swack, Schuessler, and Sergeant Hodge were waiting for plaintiff in his cell where he was pat frisked, smacked in the head and asked by Pritchard whether plaintiff liked making complaints.  The officers then allegedly assaulted, kicked, and punched the prone plaintiff.  (Id. at 3-4.)  Plaintiff filed another grievance from the June 3 incident (id. at 4).  Plaintiff claims that Pritchard made the grievance from the May 4 incident "disappear" but it was later found as filed (id. at 4-5).  Plaintiff then was placed in the Special Housing Unit for nine months (id. at 5).  Plaintiff alleges "abusive" use of force and retaliation in violation of his First, Eighth, and Fourteenth Amendments rights (id. at 5-6).

      Plaintiff then amended this Complaint to allege claims against Department of Correctional Services ("DOCS") Commissioner Brian Fischer and Attica Superintendent James Conway (Docket No. 17).  The new claim alleges that Pritchard was feared by inmates and civilians and was well known for abusing inmates (including raping inmates and stealing from them) (id. ¶ 20; see Docket No. 19, Pl. Motion ¶ 3).  Plaintiff contends that Fischer and Conway knew about Pritchard and nevertheless allowed him to work at Attica Correctional Facility in deliberate disregard for the safety of inmates (Docket No. 17, Am. Compl. ¶ 21), including plaintiff.  This motion was granted (Docket No. 20).

      After an initial round of discovery, including discovery related to a then-pending defense summary judgment motion by defendants Conway and Fischer (see also Docket Nos. 81 (motion), 97 (Report & Recommendation recommending denying motion for summary judgment

pursuant to Federal Rule of Civil Procedure 56(d)), plaintiff moved to add "S. Khaharf" as a defendant, alleging that he had supervisory liability as acting Superintendent at the time several grievances were lodged against Pritchard (Docket No. 108). In response, defendants corrected the name of the proposed defendant (Sibatu Khahifa), and stated that they have no objection to plaintiff amended the Complaint to assert claims against "Sibatu Khahifa," but reserving the right to move dismiss this claim at a later time" (Docket No. 119, letter of Assistant Attorney General Kim Murphy to Chambers, May 3, 2011, filed by Court May 26, 2011). Absent objection from defendants, this motion was granted (Docket No. 117) and plaintiff timely filed his second Amended Complaint (Docket No. 120)[1].

*Plaintiff's Latest Motion for Leave to Amend the Complaint*

Plaintiff now seeks to add the following DOCS employees and officials as new defendants: Vernon Fonda, the chief of investigations/director of operations of the Inspector General's office of DOCS; Richard Roy, former Inspector General; and three John Doe defendants, the director of the Bureau of Labor Relations, the chief investigator of the Bureau of Labor Relations, and the deputy commissioner of DOCS (Docket No. 116), collectively herein the "Inspector General defendants." Fonda, as chief investigator, was responsible for operations of the office (id. Pl. Motion ¶ 2; Docket No. 106, Fonda Decl. ¶ 1). Plaintiff does not allege the roles of the other potential defendants.

---

[1] There apparently was some confusion on the plaintiff's part regarding the filing of the amended pleadings, see Docket No. 120, 2d Am. Compl., attached letter of May 23, 2011; he was ordered to file the second Amended Complaint (adding Khahifa) by June 8, 2011, and he was to file his proposed third Amended Complaint (naming five additional defendants) by May 27, 2011, to complete the pending motion for leave to further amend the Complaint, Docket No. 117, Order at 4, 6; see also Docket No. 116, Pl. Motion for Leave to Amend.

The proposed third Amended Complaint alleges that "for decades, correction officers have been accused of abusing prisoners" (Docket No. 126, Proposed [Third] Amend. Compl. ¶ 18) and are allowed to do so because supervisors were "not reprehending the officer who are abusing the prisoners [sic]" (id.).  Plaintiff alleges that "every time an officer is accused of abusing a prisoner, the officer only [has, sic] to deny the accusations, then the investigation always determines that the officer did not abuse the prisoner " (id. ¶ 19), despite the number of accusations of various wrongs corrections officers may have committed against an inmate (id. ¶ 20).  He contends that the new Inspector General defendants received many complaints of abuse by officers Pritchard, Swack, and Schuessler but none of them have been "reprehended" so as to prevent future incidents (id. ¶ 21).  He then repeats the allegations of the 2008 incidents involving him (id. ¶¶ 22-31, 15-17), but not alleging any connection between the inaction of the Inspector General defendants and these 2008 incidents.  Plaintiff, for the first time, asserts previous complaints against some of the corrections officers other than Pritchard, but without the specificity asserted against Pritchard.

Separately, defendants moved for a Protective Order regarding production of documents from the Inspector General's office (Docket No. 106) and that motion was granted in relevant part, with interrogatories posed rather than the document production sought by plaintiff (Docket No. 128[2]).  Plaintiff then moved to compel discovery of certain grievances, this time involving defendants other than Pritchard (Docket No. 122); this motion is pending (see Docket No. 128[3]).

---

[2]Defendants are to respond to these interrogatories by July 21, 2011, Docket No. 128, Order at 8-9.

[3]Responses to plaintiff's latest motion to compel are due by July 14, 2011, with any reply due by July 25, 2011, and that motion deemed submitted as of July 25, 2011, Docket No. 128,

Plaintiff's motion for leave to amend this time is based, in part, upon information he learned from defendants' motion for a Protective Order (see Docket No. 116). Plaintiff claims that the admissions made by defendant Fischer and his subordinates identify

> "others who are responsible for addressing complaints that are filed against corrections officers. There appears to be a coordinated effort by employees of the New York State Department of Correctional Services to be deliberately indifferent to inmates' complaints that are filed against officer Pritchard (and very likely other officers). Plaintiff is claiming that additional defendants were made aware of the long time abuse that was committed against inmates by officer Pritchard; however, the defendants failed to do anything to prevent officer Pritchard from abusing other inmates."

(Docket No. 116, Pl. Motion ¶ 4.)

As explained in the Order granting defendants a Protective Order against producing Inspector General complaints and grievances from other inmates against Pritchard (Docket No. 128, Order at 5), the Inspector General investigates **allegations** of violations of DOCS's rules and regulations, employee rules, and violations of New York Penal Law by inmates and employees, referring **substantiated** incidents for review and possible disciplinary action and/or criminal prosecution (Docket No. 106, Fonda Decl. ¶ 4, emphasis added). Substantiated instances of employee misconduct are referred to the DOCS's Bureau of Labor Relations for consideration of administrative disciplinary action[4]; potential violations of criminal law by either employees or inmates would be referred to the District Attorney and to Labor Relations (for

---

Order at 9, 10.

[4] As noted by one court, the collective bargaining agreement between DOCS and the corrections officers' union does not allow for transfer or termination of officers because of an unsubstantiated allegation, Morris v. Eversley, 282 F. Supp. 2d 196, 200, 205 (S.D.N.Y. 2003).

employees) for further action (id.). No action is taken upon unsubstantiated grievances (see id. ¶ 3).

Defendants now oppose (but cf. Docket No. 119) plaintiff's latest amendment, arguing that plaintiff does not allege that these new Inspector General defendants had a duty to protect plaintiff from excessive force used by defendant Pritchard (Docket No. 121, Defs. Atty. Decl. ¶ 6). Noting that plaintiff had not filed a proposed third Amended Complaint when they responded to this motion, defendants assumed that plaintiff was claiming that the Inspector General defendants "had personal involvement in the alleged excessive force by defendant Pritchard merely because they supervised or investigated other claims against defendant Pritchard in their capacities as employees of the DOCS Inspector General's and Labor Relations Offices" (id. ¶ 5). Defendants conclude that the latest amendment would be futile (id. ¶ 6).

In his reply, plaintiff, after noting that he filed the proposed amendment (see Docket No. 126), reasserts that he clearly stated his claim in his motion for leave to amend (Docket No. 127, Pl. Reply at 1), namely that the new defendants are involved in a "coordinated effort" by DOCS employees to be deliberately indifferent to inmates' complaints filed against Officer Pritchard and others, that the new defendants were aware of the "long time abuse that was committed against inmates by officer Pritchard; however, the defendants failed to do anything to prevent officer Pritchard from abusing other inmates" (Docket No. 116, Pl. Motion ¶ 4; Docket No. 127, Pl. Reply at 1). Whenever allegations are made against Pritchard, plaintiff alleges that the new defendants "always declare that the officer never committed abuse." Plaintiff thus questions the validity of the process of these potential defendants declaring every grievance filed against Pritchard as being unsubstantiated. (Docket No. 127, Pl. Reply at 1-2.) By allowing the

6

accused Pritchard (and presumably other correctional defendants) to continue to work in the same housing unit despite the accusations against them, plaintiff concludes that the Inspector General defendants deliberately acted to ignore Pritchard's abuse (id. at 2).

DISCUSSION

I.   Standard–Leave to Amend the Complaint and Pro se Plaintiffs

As previously stated (Docket No. 117, Order at 3-4; see also Docket No. 20, at 3-4), under Federal Rule of Civil Procedure 15(a)(2), amendment of pleadings after the time to do so as of right requires either written consent of all parties (clearly not present here) or by leave of the Court. Motions for leave to amend the Complaint are to be freely given when justice requires. Granting such leave is within the sound discretion of the Court. Foman v. Davis, 371 U.S. 178, 182 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given,'" Foman, supra, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

If a plaintiff is proceeding (as here) pro se, leave to amend should be freely granted, Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988) (pro se should be freely afforded opportunity to amend). In general, the pleading of a pro se plaintiff, is to be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).

> "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . .

> claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, [550 U.S. 544, 555] (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp., supra, at [550 U.S. at 555-56] (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974))."

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). In Erickson, the Court held that the Tenth Circuit departed from the liberal pleading standards of Rule 8(a)(2) by dismissing a pro se inmate's claims.

> "The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed pro se is 'to be liberally construed,' [Estelle v. Gamble, 429 U.S., 97, 106 (1976)], and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' ibid. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

551 U.S. at 94; see Boykin v. Keycorp, 521 F.3d 202, 213-14 (2d Cir. 2008). Thus, the pro se plaintiff's Complaint has to be construed "more liberally" than one filed by counsel, Boykin, supra, 521 F.3d at 214, presumably his amended pleading also has to be so liberally construed.

II.     Application

Although instructed to do so by the Court (cf. Docket No. 117), plaintiff initially did not file a proposed Amended Complaint with his motion, cf. W.D.N.Y. Loc. Civ. R. 15(a) (effective Jan. 1, 2011). As noted above, see note 1 supra, there was some confusion of what plaintiff needed to file, given the consecutive amendments he proposed. Local Rule 15(a) requires the moving party to submit the unsigned proposed amended pleading as well as a strikeout/redline version of the amended pleading, id., for each proposed amendment so that the Court and the

8

opponents can know what changes the moving party intends with the amended pleading and precisely where those changes will occur. But the plaintiff filed his proposed Third Amended Complaint (Docket No. 126). Given that plaintiff is proceeding pro se, the Court has not insisted upon submitting a strikeout/redline version of the amended Complaint.

The amendment here seeks to add five DOCS officials and employees as defendants and charging them with liability due to their respective roles in reviewing grievances lodged against defendant Pritchard by other, non-party inmates (Docket No. 116, Pl. Aff. ¶¶ 2-4) for alleged incidents that occurred before plaintiff's encounters with Pritchard in the spring of 2008. But plaintiff is not alleging claims on behalf of these other inmates or that the accused incidents of abuse actually occurred (although the latter may be implied). Apparently, he contends that, had these defendants acted appropriately against Pritchard (or the other corrections officers) when accused in earlier incidents involving other inmates, plaintiff would not have been harmed by Pritchard (or the other officer defendants), even if they were accused in incidents found to be unsubstantiated. Plaintiff has pending a motion to compel seeking disclosure of similar grievances filed against the other corrections officer defendants (Docket No. 122), presumably on the same theory of liability as being asserted in this proposed amendment regarding grievances lodged against Pritchard, that the Inspector General defendants deliberately disregarded inmate accusations against the corrections officers and allowed them to continue working until the incidents involving this plaintiff occurred.

These Inspector General defendants do not owe plaintiff any duty arising from Pritchard's (or other corrections officer defendants) alleged actions against other inmates (see Docket No. 121, Defs. Atty. Decl. ¶ 6). Plaintiff does not allege that any of the grievances aside from his

were substantiated so as to require further action by these putative new defendants; nor does he dispute the apparent determination in these grievances that they were not substantiated. To avoid futility, plaintiff would have to show that these other grievances were in fact later found to be substantiated and that the inaction due to the initial finding led to harm coming to plaintiff. Mere accusation (later determined to be unfounded) is not sufficient basis to make the officials and staff making that finding liable if the accused corrections officer is later accused of another incident. The filing of accusations, later found to be unsubstantiated, does not provide notice for supervisory liability to create personal liability for these new proposed defendants. As with claims of inmate retaliation, accusations by inmates are prone to abuse, hence the courts have required retaliation claims be supported by specific and detailed factual allegations before full discovery of that claim is pursued, see <u>Flaherty v. Coughlin</u>, 713 F.2d 10, 13 (2d Cir. 1983); <u>Warburton v. Underwood</u>, 2 F. Supp. 2d 306, 313 (W.D.N.Y. 1998) (Siragusa, J.). Plaintiff also fails to show how the Inspector General defendants were "supervisors" in order to extend supervisory liability to them. The causal link between plaintiff's spring 2008 incidents with officer Pritchard and others and the Inspector General defendants' prior inaction on accusations raised against these officers is also far too attenuated to allow leave to add the Inspector General officials as parties in this case.

    Plaintiff learned of these potential defendants in his attempt to establish personal involvement of other, supervisory defendants, Commissioner Fischer and superintendents of Attica (Conway and presumably Khahifa). Even giving a liberal reading of plaintiff's proposed Amended Complaint, as this Court must, the Inspector General defendants at most allegedly were negligent in performing their investigative functions regarding the corrections officer defendants

in prior incidents involving other inmates in not deeming those accusations to be substantiated. This negligence alone does not create personal involvement or liability that would extend to these new parties. Plaintiff also fails to allege that these accusations were in fact true beyond his generalization that can be summarized to "where there is smoke there had to be fire."

This differs from cases where the government employee has a documented record of misconduct that the governmental employer failed to monitor, for example, see Vann v. City of New York, 72 F.3d 1040, 1042-45 (2d Cir. 1995), where a police officer with an extensive prior record of misconduct assaulted a person while off duty. The Second Circuit vacated a grant of summary judgment to municipal defendants there because of the officer's substantiated record of misconduct and personality disorder actions, see id. at 1050-51. Plaintiff's claim here is similar to the one rejected in Rasmussen v. City of New York, No. 10 Civ. 1088, 2011 U.S. Dist. LEXIS 10089, at *24-28 (E.D.N.Y. Feb. 2, 2011), where plaintiff alleged, in asserting a Monell[5] respondeat superior claim, that the defendant city did not give serious consideration to complaints against the police and merely rubber stamped their denial as being unsubstantiated as a policy or custom. The court there recognized that plaintiffs, in making this argument, took upon him the burden of showing that "every other unsubstantiated complaint on which they rely entailed a constitutional violation" and that the sample of cases cited were representative in order to resist a defense summary judgment motion. Also in the municipal responsibility context, an unsubstantiated citizen review board complaint about a police officer does not "demonstrate a breach of a municipal duty to train or supervise its police," Marcel v. City of N.Y., No. 88 Civ. 7017, 1990 U.S. Dist. LEXIS 4094, at *23 (S.D.N.Y. Apr. 10, 1990) (citing cases); Law v.

---

[5]Monell v. Department of Soc. Servs., 436 U.S. 658 (1978).

11

Cullen, 613 F. Supp. 259, 262 (S.D.N.Y. 1985) (unsubstantiated civilian complaints merely charges, not actual findings of abuse). See also Hart v. Goord, No. 08CV681, 2010 U.S. Dist. LEXIS 39888, at *5 (W.D.N.Y. Apr. 22, 2010) (Scott, Mag. J.) (denying discovery of grievances against corrections officer found to be unsubstantiated, with its probative value being quite limited); Woodward v. Mullah, No. 08CV463, 2010 U.S. Dist. LEXIS 77065, at *8 (W.D.N.Y. July 29, 2010) (McCarthy, Mag. J.).

Similarly, plaintiff here seeks to amend the Complaint to add new parties based solely on allegations based upon unsubstantiated complaints and grievances, that somehow should have led these defendants to act to protect plaintiff (an inmate otherwise unknown to them). These unsubstantiated grievances are only charges not actual findings of abuse that may be the basis for liability.

Thus, plaintiff's proposed amendment would be futile and his motion for leave to amend (Docket No. 116) is **denied**.

## CONCLUSION

For the reasons stated above, plaintiff's motion for leave to amend the Complaint yet again, this time to add five new defendants (Docket No. 116) is **denied**.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       July 6, 2011