UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTONIO BROWN,

                       Plaintiff,

                                                  **Hon. Hugh B. Scott**

                       v.

                                                  09CV214S

                                                  **Order**

OFFICER PRITCHARD, et al.,

                       Defendants.

      Before the Court is plaintiff's motion (Docket No. 130) to reconsider the Protective Order (Docket No. 128, hereinafter the "Protective Order") issued regarding the manner of production from the Department of Correctional Services' office of Inspector General.  That Protective Order gave defendants until July 21, 2011, to answer certain interrogatories posed by the Court rather than production of grievances and other documents sought by plaintiff (Docket No. 128, Order at 8-9).  Separately, this Court denied plaintiff's motion for leave to amend the Complaint to add certain Inspector General officials as defendants (Docket No. 129; cf. Docket No. 116 (motion); Docket No. 130, Pl. Motion at 1 (noting claim against five Inspector General officials); familiarity with this Order, the Protective Order, and previous Orders entered in this case is presumed.

      Rather than obtain answers to interrogatories posed by the Court in the Protective Order, plaintiff still seeks production of the actual documents, arguing that he did not trust defendants to truthfully answer and that the documents were the best evidence (Docket No. 130, Pl. Motion for Reconsideration at 2-3).

The potentially relevant bases for reconsideration in this case under Federal Rule of Civil Procedure 60(b) are mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation or misconduct by an opposing party; or "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(1), (2), (3), (6)[1]. No mistake, inadvertence, surprise or neglect is alleged, nor is newly discovered evidence or fraud claimed. The sole basis for relief is the catch-all "any other reason that justifies relief" of Rule 60(b)(6).

Plaintiff's objection to interrogatories rather than the document production he seeks rests upon having the method of discovery he chose (document production) be the exclusive means for discovery from the Inspector General's office. The questions posed by plaintiff in this motion (see id. at 2) that would be answered by documents produced by defendants are the very questions that are posed in the Protective Order (Docket No. 128, Order at 8). They were framed in this manner and use the interrogatory discovery device to avoid the difficulties in redacting third party names from the documents responsive to plaintiff's requests, balancing plaintiff's needs and access to discoverable material with the privacy interests of third parties (other inmates). As noted in the Order denying plaintiff's last motion for leave to amend (Docket No. 129, Order at 12), the probative value of unsubstantiated grievances (which plaintiff seeks produced here) is quite limited, see Hart v. Goord, No. 08CV681, 2010 U.S. Dist. LEXIS 39888, at *5 (W.D.N.Y. Apr. 22, 2010) (Scott, Mag. J.). The Court adheres to its earlier decision (Docket No. 128, Order at 8) to protect the confidentiality of the records plaintiff seeks. Plaintiff merely wishes to know what happened to the 26 Inspector General grievances subject to the

---

[1] Other grounds, not pertinent here, including the judgment being void or being satisfied or being based upon an earlier judgment that has been reversed, id. R. 60(b)(4), (5). These are not pertinent here because no judgment has been entered.

Protective Order and whether defendant Commissioner Fischer had any role in them (see id.). The nature of plaintiff's questions–when were complaints filed, who handled the complaints, who investigated, who made final determinations (cf. Docket No. 130, Pl. Motion at 2)–go to procedural aspects of how a given grievance or complaint was processed.  The actual documents, including the identity of complainants, need not be disclosed to reveal that procedure. Interrogatory answers to the questions posed in the Protective Order (Docket No. 128, Order at 8) should address these procedural questions without going into the tangential discussions of the merits of these other complaints or grievances.  Plaintiff's role in this inquiry is not to vindicate the rights of those other, unnamed inmates who complained to the Inspector General. Furthermore, the purpose of this discovery was to be limited, to allow plaintiff to discover the extent (if any) of the constructive notice defendants Fischer and Conway received regarding the unlawful activities of defendant Pritchard.

       Thus, plaintiff's motion for reconsideration (Docket No. 130) is **denied**.

       So Ordered.

                                                                                            */s/ Hugh B. Scott*
                                                                                    Honorable Hugh B. Scott
                                                                                    United States Magistrate Judge

Dated: Buffalo, New York
         July 12, 2011