UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTONIO BROWN,

　　　　　　　　　　　Plaintiff,

　　　　　　　　　　v.

OFFICER PRITCHARD, et al.,

　　　　　　　　　　　Defendants.

**Hon. Hugh B. Scott**

09CV214S

**Order**

　　　　Before the Court is the pro se plaintiff's motion to reconsider denial of leave to amend his

Complaint a third time (Docket No. 135).  This motion arises from his third (cf. Docket Nos. 17,

108) motion for leave to amend the Complaint to add new defendants (Docket No. 116), now

certain officials (known and unknown) in the New York State Department of Correctional

Services' office of Inspector General.  This Court denied leave (Docket No. 129), see Brown v.

Pritchard, No. 09CV214, 2011 U.S. Dist. LEXIS 72486 (W.D.N.Y. July 6, 2011) (Scott, Mag.

J.), and plaintiff filed his motion to reconsider (Docket No. 135).  Responses to this motion were

due by August 22, 2011 (Docket No. 136), which defendants timely submitted (Docket No. 139).

Plaintiff requested extensions of time to reply (Docket No. 142, 145), which eventually was due

by October 3, 2011.  Plaintiff submitted his reply (Docket No. 150) and the motion was deemed

submitted as of September 22, 2011, when plaintiff replied.  Familiarity with the prior Orders

and Reports and Recommendations in this case (as cited below[1]) is presumed.

---

　　　　[1]Docket Nos. 20, 67, 74, 75 (Report & Recommendation), 94, 97 (Report &
Recommendation), 104, 105, 128, 129, 131.

**BACKGROUND**

This is a civil rights action commenced by an inmate, alleging that defendant corrections officer Pritchard used excessive force against him during a pat down frisk conducted on May 4, 2008, at the Attica Correctional Facility ("Attica") (Docket No. 1, Compl.).  Plaintiff then filed a grievance against Officer Pritchard.  On June 3, 2008, Pritchard allegedly denied plaintiff access to the showers.  Plaintiff complained about this to defendant Sergeant Marinaccio, but the sergeant ignored the complaint, instead telling Pritchard about it.  Plaintiff then alleges that Pritchard and defendants Officers Swack, Schuessler, and Sergeant Hodge were waiting for plaintiff in his cell where he was pat frisked, smacked in the head and asked by Pritchard whether plaintiff liked making complaints.  The officers then allegedly assaulted, kicked, and punched the prone plaintiff.  (Id. at 3-4.)  Plaintiff filed another grievance from the June 3 incident (id. at 4).  Plaintiff claims that Pritchard made the grievance from the May 4 incident "disappear" but it was later found as filed (id. at 4-5).  Plaintiff then was placed in the Special Housing Unit for nine months (id. at 5).  Plaintiff alleges "abusive" use of force and retaliation in violation of his First, Eighth, and Fourteenth Amendments rights (id. at 5-6).

Plaintiff then amended this Complaint to allege claims against Department of Correctional Services ("DOCS") Commissioner Brian Fischer and Attica Superintendent James Conway (Docket No. 17).  The new claim alleges that Pritchard was feared by inmates and civilians and was well known for abusing inmates (including raping inmates and stealing from them) (id. ¶ 20; see Docket No. 19, Pl. Motion ¶ 3).  Plaintiff contends that Fischer and Conway knew about Pritchard and nevertheless allowed him to work at Attica Correctional Facility in

deliberate disregard for the safety of inmates (Docket No. 17, Am. Compl. ¶ 21), including

plaintiff.  This motion was granted (Docket No. 20).

After an initial round of discovery, including discovery related to a then-pending defense

summary judgment motion by defendants Conway and Fischer (see also Docket Nos. 81

(motion), 97 (Report & Recommendation recommending denying motion for summary judgment

pursuant to Federal Rule of Civil Procedure 56(d)), plaintiff moved to add "S. Khaharf" as a

defendant, alleging that he had supervisory liability as acting Superintendent at the time several

grievances were lodged against Pritchard (Docket No. 108).  In response, defendants corrected

the name of the proposed defendant (Sibatu Khahifa), and stated that they have no objection to

plaintiff amending the Complaint to assert claims against "Sibatu Khahifa," but reserving the

right to move dismiss this claim at a later time" (Docket No. 119, letter of Assistant Attorney

General Kim Murphy to Chambers, May 3, 2011, filed by Court May 26, 2011).  Absent

objection from defendants, this motion was granted (Docket No. 117) and plaintiff timely filed

his second Amended Complaint (Docket No. 120)[2].

Plaintiff then sought to add five DOCS employees and officials from the office of

Inspector General as new defendants (Docket No. 116), collectively herein the "Inspector

General defendants."

---

[2]There apparently was some confusion on the plaintiff's part regarding the filing of the
amended pleadings, see Docket No. 120, 2d Am. Compl., attached letter of May 23, 2011; he
was ordered to file the second Amended Complaint (adding Khahifa) by June 8, 2011, and he
was to file his proposed third Amended Complaint (naming five additional defendants) by
May 27, 2011, to complete the pending motion for leave to further amend the Complaint, Docket
No. 117, Order at 4, 6; see also Docket No. 116, Pl. Motion for Leave to Amend.

The proposed third Amended Complaint alleges that "for decades, correction officers have been accused of abusing prisoners" (Docket No. 126, Proposed [Third] Amend. Compl. ¶ 18) and are allowed to do so because supervisors were "not reprehending [sic] the officer who are abusing the prisoners" (id.).  Plaintiff alleges that "every time an officer is accused of abusing a prisoner, the officer only [has, sic] to deny the accusations, then the investigation always determines that the officer did not abuse the prisoner " (id. ¶ 19), despite the number of accusations of various wrongs corrections officers may have committed against an inmate (id. ¶ 20).  He contends that the new Inspector General defendants received many complaints of abuse by officers Pritchard, Swack, and Schuessler but none of them have been "reprehended" [sic] so as to prevent future incidents (id. ¶ 21).  He then repeats the allegations of the 2008 incidents involving him (id. ¶¶ 22-31, 15-17), but not alleging any connection between the inaction of the Inspector General defendants and these 2008 incidents.  Plaintiff, for the first time, asserts previous complaints against some of the corrections officers other than Pritchard, but without the specificity asserted against Pritchard.

Separately, defendants moved for a Protective Order regarding production of documents from the Inspector General's office (Docket No. 106) and that motion was granted in relevant part, with interrogatories posed rather than the document production sought by plaintiff (Docket No. 128[3]).  Plaintiff then moved to compel discovery of certain grievances, this time involving defendants other than Pritchard (Docket No. 122) and then sought discovery sanctions (Docket No. 140); these motions are pending.

---

[3]Defendants are to respond to these interrogatories by July 21, 2011, Docket No. 128, Order at 8-9.

4

Plaintiff's motion for leave to amend this time was based, in part, upon information he learned from defendants' motion for a Protective Order (see Docket No. 116).  Plaintiff claims that the admissions made by defendant Fischer and his subordinates identify

> "others who are responsible for addressing complaints that are filed against corrections officers.  There appears to be a coordinated effort by employees of the New York State Department of Correctional Services to be deliberately indifferent to inmates' complaints that are filed against officer Pritchard (and very likely other officers).  Plaintiff is claiming that additional defendants were made aware of the long time abuse that was committed against inmates by officer Pritchard; however, the defendants failed to do anything to prevent officer Pritchard from abusing other inmates."

(Docket No. 116, Pl. Motion ¶ 4.)

As explained in the Order granting defendants a Protective Order against producing Inspector General complaints and grievances from other inmates against Pritchard (Docket No. 128, Order at 5), the Inspector General investigates **allegations** of violations of DOCS's rules and regulations, employee rules, and violations of New York Penal Law by inmates and employees, referring **substantiated** incidents for review and possible disciplinary action and/or criminal prosecution (Docket No. 106, Fonda Decl. ¶ 4, emphasis added).  Substantiated instances of employee misconduct are referred to the DOCS's Bureau of Labor Relations for consideration of administrative disciplinary action[4]; potential violations of criminal law by either employees or inmates would be referred to the District Attorney and to Labor Relations (for employees) for further action (id.).  No action is taken upon unsubstantiated grievances (see id. ¶ 3).

---

[4]As noted by one court, the collective bargaining agreement between DOCS and the corrections officers' union does not allow for transfer or termination of officers because of an unsubstantiated allegation, Morris v. Eversley, 282 F. Supp. 2d 196, 200, 205 (S.D.N.Y. 2003).

Defendants opposed plaintiff's latest amendment, arguing that plaintiff does not allege that these new Inspector General defendants had a duty to protect plaintiff from excessive force used by defendant Pritchard (Docket No. 121, Defs. Atty. Decl. ¶ 6).  Noting that plaintiff had not filed a proposed third Amended Complaint when they responded to this motion, defendants assumed that plaintiff was claiming that the Inspector General defendants "had personal involvement in the alleged excessive force by defendant Pritchard merely because they supervised or investigated other claims against defendant Pritchard in their capacities as employees of the DOCS Inspector General's and Labor Relations Offices" (id. ¶ 5).  Defendants conclude that the latest amendment would be futile (id. ¶ 6).

In his reply, plaintiff, after noting that he filed the proposed amendment (see Docket No. 126), reasserts that he clearly stated his claim in his motion for leave to amend (Docket No. 127, Pl. Reply at 1), namely that the new defendants are involved in a "coordinated effort" by DOCS employees to be deliberately indifferent to inmates' complaints filed against Officer Pritchard and others, that the new defendants were aware of the "long time abuse that was committed against inmates by officer Pritchard; however, the defendants failed to do anything to prevent officer Pritchard from abusing other inmates" (Docket No. 116, Pl. Motion ¶ 4; Docket No. 127, Pl. Reply at 1).  Whenever allegations are made against Pritchard, plaintiff alleges that the new defendants "always declare that the officer never committed abuse."  Plaintiff thus questions the validity of the process of these potential defendants declaring every grievance filed against Pritchard as being unsubstantiated.  (Docket No. 127, Pl. Reply at 1-2.)  By allowing the accused Pritchard (and presumably other correctional defendants) to continue to work in the

same housing unit despite the accusations against them, plaintiff concludes that the Inspector

General defendants deliberately acted to ignore Pritchard's abuse (id. at 2).

This Court denied leave (Docket No. 129), finding that these five new defendants did not

owe plaintiff a duty to him from their action (or inaction) regarding grievances filed with them

regarding defendants Pritchard and the other corrections officers (id. at 9-12).

*Plaintiff's Motion for Reconsideration*

In seeking reconsideration, plaintiff argues that there have been numerous civil rights

complaints filed against Pritchard and he alleges that the Inspector General defendants failed to

act upon over 40 grievances filed with them (that plaintiff is aware of) against Pritchard.  He

contends that the Inspector General defendants are "systematically protecting abusive officers."

(Docket No. 135, Pl. Motion to Reconsider at 1.)  He alleges that Pritchard and other officers

abused "many, many prisoners" and officials in DOCS are indifferent to prisoner abuse (id. at 2-

3).  From the number of grievances filed (including those no longer retained by DOCS) against

Pritchard, plaintiff concludes that Pritchard had abused inmates, despite the finding that these

grievances were not substantiated, concluding that DOCS officials have been lying and covering

up Pritchard's (and other officers') misconduct (see id. at 3-6).

Defendants respond that plaintiff's sole argument for reconsideration is that this Court

erred in applying the law regarding amendment of pleadings and that this was not a sufficient

basis for reconsideration (Docket No. 139, Defs. Atty. Decl. ¶ 6).  They conclude that plaintiff

merely reargues points he did not succeed with in his motion (id. ¶ 7).

In reply, plaintiff urges reconsideration because the issue of whether or not the prior

allegations of inmate abuse lodged against Pritchard (and received by the potential defendants) is

an issue of fact not to be decided on a motion for leave to amend pleadings (Docket No. 150, Pl.

Reply at 3).  He cites to a case, Danley v. Allen, 540 F.3d 1298 (11th Cir. 2008); see id. at 1315,

stating that supervisors may be held liable for excessive force and deliberate indifference under

§ 1983 if the supervisors were on at least constructive notice of the wrongful activities of their

subordinates from prior misconduct reports (id, at 4).

**DISCUSSION**

I.      Applicable Standard

    A.      Reconsideration

Pertinent to this case, the basis for reconsideration is Federal Rule of Civil Procedure 60,

whether there was a clerical mistake or a mistake arising from oversight or omission, Fed. R.

Civ. P. 60(a), or a mistake, newly discovered evidence, fraud, misrepresentation, or misconduct

of opposing party, or any other reason that justifies relief, id. R. 60(b)(1), (2), (3), (6).  No

clerical error, newly discovered evidence, fraud, or opponent misconduct were asserted here; so

the basis for reconsideration is a mistake.

    B.      Leave to Amend the Complaint and Pro se Plaintiffs

As previously stated (Docket No. 129, Order of July 6, 2011, at 7; Docket No. 117, Order

of May 13, 2011, at 3-4; see also Docket No. 20, Order of Nov. 6, 2009, at 3-4), under Federal

Rule of Civil Procedure 15(a)(2), amendment of pleadings after the time to do so as of right

requires either written consent of all parties (clearly not present here) or by leave of the Court.

Motions for leave to amend the Complaint are to be freely given when justice requires.  Granting

such leave is within the sound discretion of the Court.  Foman v. Davis, 371 U.S. 178, 182

(1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).  "In the

8

absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, <u>futility of amendment</u>, etc.–the leave sought should, as the rules require, be 'freely given,'" <u>Foman</u>, <u>supra</u>, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)) (emphasis added).

If a plaintiff is proceeding (as here) <u>pro se</u>, leave to amend should be freely granted, <u>Frazier v. Coughlin</u>, 850 F.2d 129, 130 (2d Cir. 1988) (<u>pro se</u> should be freely afforded opportunity to amend). In general, the pleading of a <u>pro se</u> plaintiff, is to be liberally construed, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519 (1972) (per curiam).

> "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, [550 U.S. 544, 555] (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. <u>Bell Atlantic Corp.</u>, <u>supra</u>, at [550 U.S. at 555-56] (citing <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 508, n. 1 (2002); <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974))."

<u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam). In <u>Erickson</u>, the Court held that the Tenth Circuit departed from the liberal pleading standards of Rule 8(a)(2) by dismissing a <u>pro se</u> inmate's claims.

> "The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed <u>pro se</u> is 'to be liberally construed,' [<u>Estelle v. Gamble</u>, 429 U.S., 97, 106 (1976)], and 'a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' <u>ibid.</u> (internal quotation marks omitted). <u>Cf.</u> Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

9

551 U.S. at 94; see Boykin v. Keycorp, 521 F.3d 202, 213-14 (2d Cir. 2008).  Thus, the pro se plaintiff's Complaint has to be construed "more liberally" than one filed by counsel, Boykin, supra, 521 F.3d at 214, presumably his amended pleading also has to be so liberally construed.

II.     Application

        There is no basis to reconsider the earlier decision denying leave to amend the Complaint to add these five new parties.  This Court considered plaintiff's arguments in his reconsideration motion and they argue for Pritchard's liability and potentially the liability of his superiors.  These arguments do not implicate the Inspector General defendants, who (at worse) failed to agree with the complaining inmates that Pritchard (and other charged corrections officers) committed the acts alleged.  Even in this motion to reconsider, plaintiff fails to assert the causal link between the Inspector General defendants' inaction (or action contrary to plaintiff's ultimate position) and plaintiff's alleged injuries at the hands of Pritchard and the other officer defendants.

        The amendment here seeks to add five DOCS officials and employees as defendants and charging them with liability due to their respective roles in reviewing grievances lodged against defendant Pritchard by other, non-party inmates (Docket No. 116, Pl. Aff. ¶¶ 2-4) for alleged incidents that occurred before plaintiff's encounters with Pritchard in the spring of 2008. Apparently, he contends that, had these defendants acted appropriately against Pritchard (or the other corrections officers) when accused in earlier incidents involving other inmates, plaintiff would not have been harmed by Pritchard (or the other officer defendants), even if they were accused in incidents found to be unsubstantiated.  Plaintiff wishes to allege supervisory liability on mere accusation by third parties.  The futility of this amendment arises because it is unclear that these potential defendants could be found liable merely upon their actions upon accusations.

As was previously found (Docket No. 129, Order of July 6, 2011, at 9, 10-11), these Inspector

General defendants do not owe plaintiff any duty arising from Pritchard's (or other corrections

officer defendants') alleged actions against other inmates and plaintiff fails to allege these

defendants' personal involvement or liability, see Law v. Cullen, 613 F. Supp. 259, 262

(S.D.N.Y. 1985) (unsubstantiated civilian complaints merely charges, not actual findings of

abuse); see also Hart v. Goord, No. 08CV681, 2010 U.S. Dist. LEXIS 39888, at *5 (W.D.N.Y.

Apr. 22, 2010) (Scott, Mag. J.) (denying discovery of grievances against corrections officer found

to be unsubstantiated, with its probative value being quite limited); Woodward v. Mullah,

No. 08CV463, 2010 U.S. Dist. LEXIS 77065, at *8 (W.D.N.Y. July 29, 2010) (McCarthy, Mag.

J.).  If this amendment is allowed to proceed, plaintiff is accepting the burden of proving that

these Inspector General defendants erred in finding that charges against Pritchard and others were

unsubstantiated, adding to the burden of proof plaintiff already has to establish the facts for his

own case, see Rasmussen v. City of New York, No. 10 Civ. 1088, 2011 U.S. Dist. LEXIS 10089,

at *24-28 (E.D.N.Y. Feb. 2, 2011)(court there recognized that plaintiffs, in making this

argument, took upon him the burden of showing that "every other unsubstantiated complaint on

which they rely entailed a constitutional violation" and that the sample of cases cited were

representative in order to resist a defense summary judgment motion).

Furthermore, these new defendants are not alleged to be Pritchard's supervisors to have

supervisory liability applied to them.  A supervisory relationship would provide a causal link

between plaintiff's injuries allegedly from officer Pritchard and these Inspector General

defendants.  But no such link exists.  The Inspector General defendants investigate grievances

and complaints regarding violations of DOCS regulations; they have no role (or one alleged) in supervising corrections officers alleged to have committed violations.

The case plaintiff cites in reply, Danley v. Allen, supra, 540 F.3d 1298, 1305, 1315, is distinguishable.  There, the court found that there were numerous complaints about the corrections officer defendants on the excessive use of pepper spray and denial of adequate medical care that the supervisory defendants had through use of force reports and similar reports, inmate complaints, jailer complaints, attorney complaints, judicial officer complaints, and personal observation.  Plaintiff in the case at bar is closer to the precedent distinguished in Danley; the Eleventh Circuit discussed and distinguished Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), where the plaintiff alleged that defendants were on notice due to widespread unconstitutional conduct but the court found that the supervisory defendants were not on notice of the guards' unconstitutional conduct because it did not allege specific facts showing the supervisors had knowledge of the guards actions and inactions, Danley, supra, 540 F.3d at 1314-15.

This differs from cases where the government employee has a documented record of misconduct that the governmental employer failed to monitor, cf. Danley, supra, 540 F.3d at 1315; for example, see Vann v. City of New York, 72 F.3d 1040, 1042-45 (2d Cir. 1995), where a police officer with an extensive prior record of misconduct assaulted a person while off duty. The Second Circuit vacated a grant of summary judgment to municipal defendants there because of the officer's substantiated record of misconduct and personality disorder actions, see id. at 1050-51; see also Rasmussen v. City of New York, No. 10 Civ. 1088, 2011 U.S. Dist. LEXIS 10089, at *24-28 (E.D.N.Y. Feb. 2, 2011).  Here, plaintiff only has the accusations of

misconduct, albeit numerous, without more.  This alone is not enough to allege claims against those officials who received those accusations and found them to be without merit.

Thus, plaintiff's proposed amendment would be futile and his motion for leave to amend is denied and plaintiff's motion to reconsider this decision (Docket No. 135) is **denied**.

## CONCLUSION

For the reasons stated above, plaintiff's motion for reconsideration of the denial of leave to amend the Complaint (Docket No. 135) is **denied**.

So Ordered.

_____/s/ Hugh B. Scott_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      September 23, 2011