UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTONIO BROWN,

                              Plaintiff,


                                                        **Hon. Hugh B. Scott**

                  v.                                       09CV214S

                                                            **Order**

OFFICER PRITCHARD, et al.,

                              Defendants.


Before the Court is the pro se plaintiff's second (cf. Docket No. 38; see also Docket No. 67, Order) motion to compel (Docket No. 122).  Responses to this motion were due by July 14, 2011, and any reply was due by July 25, 2011, with this motion deemed submitted on July 25, 2011 (without oral argument).  Defendants served their document production response (Docket No. 125), in part responsive to this motion, as well as formal responses to this motion (Docket Nos. 124, 132, 133).

Plaintiff next moved for discovery sanctions, including establishing facts (Docket No. 140) based upon the same arguments raised in his earlier motion to compel.  Responses to this motion were due by September 15, 2011, which defendants filed (Docket No. 144), and plaintiff's reply was due on or before September 29, 2011 (Docket No. 141), and the motion was deemed submitted as of September 29, 2011.[1]  This Order only considers the non-

---

[1]Also pending is plaintiff's motion to reconsider the denial, Docket No. 129, of leave to amend his Complaint to add Department of Correctional Services' office of Inspector General officials and employees as defendants, Docket No. 135.

The name of the Department of Correctional Services has been recently changed to be the Department of Corrections and Community Supervision, or "DOCCS," effective April 1, 2011.

dispositive relief sought, cf. 28 U.S.C. § 636(b)(1)(A); Williams v. Beemiller, Inc., 527 F.3d 259, 264-66 (2d Cir. 2008); a separate Report & Recommendation considers plaintiff's request to have certain facts found against defendants as a discovery sanction.

There has been extensive motion practice in this action and familiarity with the prior Orders and Reports & Recommendations in this case (as cited below[2]) is presumed.

BACKGROUND

This is a pro se civil rights action by an inmate, alleging that certain corrections officers applied excessive force against him, that the Commissioner of the New York State Department of Correctional Services ("DOCS") and the Superintendents of the Attica Correctional Facility ("Attica") allowed the assaults to occur by failing to act against these officers when other complaints or grievances were lodged against them (Docket Nos. 1, 17, 120).  Plaintiff later moved to amend the Complaint a third time (Docket No. 116; cf. Docket Nos. 17, 108) to add as new defendants certain officials (known and unknown) in the New York State Department of Correctional Services' office of Inspector General, but that motion was denied (Docket No. 129).

Specifically, plaintiff alleges that defendant corrections officer Pritchard used excessive force against him during a pat down frisk conducted on May 4, 2008, at Attica (Docket No. 1, Compl.).  Plaintiff then filed a grievance against Officer Pritchard.  On June 3, 2008, Pritchard allegedly denied plaintiff access to the showers.  Plaintiff complained about this to defendant Sergeant Marinaccio, but the sergeant ignored the complaint, instead telling Pritchard about it.

_____

Given all the relevant events occurred under the prior name of the Department, that name, and its abbreviation "DOCS," will be used herein.

[2]Docket Nos. 20, 67, 74, 75 (Report & Recommendation), 94, 97 (Report & Recommendation), 104, 105, 128, 129, 131, 151.

Plaintiff then alleges that Pritchard and defendants Officers Swack, Schuessler, and Sergeant Hodge were waiting for plaintiff in his cell where he was pat frisked, smacked in the head and asked by Pritchard whether plaintiff liked making complaints. The officers then allegedly assaulted, kicked, and punched the prone plaintiff. (Id. at 3-4.) Plaintiff filed another grievance from the June 3 incident (id. at 4). Plaintiff claims that Pritchard made the grievance from the May 4 incident "disappear" but it was later found as filed (id. at 4-5). Plaintiff then was placed in the Special Housing Unit for nine months (id. at 5). Plaintiff alleges "abusive" use of force and retaliation in violation of his First, Eighth, and Fourteenth Amendment rights (id. at 5-6).

Plaintiff then amended this Complaint to allege claims against DOCS Commissioner Brian Fischer and Attica Superintendent James Conway (Docket No. 17). The new claim alleged that Pritchard was feared by inmates and civilians and was well known for abusing inmates (including raping inmates and stealing from them) (id. ¶ 20; see Docket No. 19, Pl. Motion ¶ 3). Plaintiff contends that Fischer and Conway knew about Pritchard and nevertheless allowed him to work at Attica Correctional Facility in deliberate disregard for the safety of inmates (Docket No. 17, Am. Compl. ¶ 21), including plaintiff.

After an initial round of discovery, including plaintiff's first motion to compel (Docket Nos. 38, 67) and discovery related to a then-pending defense summary judgment motion by defendants Conway and Fischer (see also Docket Nos. 81 (motion), 97 (Report & Recommendation recommending denying motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d)), plaintiff moved to add "S. Khaharf" as a defendant, alleging that he had supervisory liability as acting Superintendent at the time several grievances were lodged against Pritchard (Docket No. 108). In response, defendants offered the correct name of the

proposed defendant (Sibatu Khahifa) and stated that they have no objection to plaintiff amending the Complaint to assert claims against "Sibatu Khahifa," but reserved the right to move to dismiss this claim at a later time" (Docket No. 119, letter of Assistant Attorney General Kim Murphy to Chambers, May 3, 2011, filed by Court May 26, 2011). Absent objection from defendants, this motion was granted (Docket No. 117) and plaintiff timely filed his second Amended Complaint (Docket No. 120).

*Plaintiff's Earlier Discovery Motions*

Plaintiff initially moved to compel production (among other items) all grievances filed against the corrections officer defendants (Docket No. 38; see Docket No. 67, Order at 4). This motion was granted in part (on grounds not applicable to the present motion) and denied in part (regarding grievances and other matters not pertinent here) (Docket No. 67), with the requests for all grievances being found to be overbroad and burdensome (id. at 6).

Defendants then moved for summary judgment (Docket No. 81) to dismiss claims against Superintendent Conway and Commissioner Fischer. In response, plaintiff moved to further extend the discovery deadline (Docket No. 89), which was deemed to be his response to the summary judgment motion under Rule 56(d) (see Docket No. 91; Docket No. 96, Order at 1 & n.3; Docket No. 97, Report & Rec. at 1). Plaintiff argued that he needed discovery to show the constructive notice that Conway and Fischer had regarding officer Pritchard to make them liable for Pritchard's subsequent actions against plaintiff (Docket No. 89, Pl. Motion at 4, Pl. Memo. of Law ¶¶ 17, 18, 7-9; see Docket No. 96, Order at 7-9). Plaintiff's motion for extension was granted and limited discovery authorized, with defendants to produce grievances against Pritchard up to May 4, 2008 (the date of the original Complaint), in order to show any

constructive notice given to Conway or Fischer (Docket No. 96, Order at 9-10).This Court also

recommended denying Conway and Fischer's motion without prejudice (Docket No. 97, Report

& Rec. at 1-2).

*Plaintiff's Second Motion to Compel, Docket No. 120*

In a letter motion, plaintiff sought production of the grievances filed against several of the

corrections officer defendants (Docket No. 122).  He complains that defendants produced

grievances for Officer Pritchard from May 2007-May 2008, and not for the five year period

starting from January 2006 sought by plaintiff in his demand and ordered by this Court (id. at 2;

see Docket No. 96, Order, at 9-10).  Plaintiff now seeks grievances against defendant officers

Swack, Schuessler, Sergeants Marinaccio and Hodge (Docket No. 122, Pl. Letter Motion at 3).

Plaintiff argues that DOCS has a record retention policy to keep documents for up to five years,

thus grievances from May 2004 to May 2008 are now no longer in existence (id. at 2).

Defendants responded that grievances are retained for four years plus the current year and

that no grievances prior to January 1, 2007, are available and plaintiff had all grievances

responsive to the Court's Order (Docket No. 125, Defs' Response to Pl.'s Discovery Request

Dated Apr. 15, 2011, ¶ 7; see Docket No. 124, Defs. Atty. Decl. ¶ 5, Ex. A (DOCS regulations),

¶ 6).  Defendants contend that they produced all complaints and grievances lodged against

Pritchard made prior to May 4, 2008, that were then in existence (Docket No. 124, Defs. Atty.

Decl. ¶ 4) and that they informed plaintiff of this prior to this present motion (id. ¶ 7 [1ˢᵗ], Ex. B).

Defendants stated there that the Order had only required producing grievances as to Pritchard and

not the other defendants plaintiff named (id., Ex. B, letter at 1).  Defendants reaffirmed this

position (Docket No. 124, Defs. Atty. Decl. ¶ 4) and produced the inmate grievance program

supervisor at Attica to attest to the record retention policy for grievances (id. ¶ 5; Docket

No. 133, Decl. of George Struebel).  Struebel searched the grievances and found only grievances

from 2007-08 (Docket No. 133, Struebel Decl. ¶¶ 7, 6).

*Plaintiff's Motion for Discovery Sanctions, Docket No. 140*

Separately, plaintiff moved for discovery sanctions to have certain facts found against

defendants because they failed to produce all the grievances or answer interrogatories ordered by

this Court (see Docket No. 140, Pl. Motion Regarding Sanctions).  He seeks no other discovery

sanction or relief.  That motion is addressed in a separate Report & Recommendation.

## DISCUSSION

I.      Standard–Compel Production

As previously noted (Docket No. 67, Order at 5), the purpose of discovery is to produce

relevant documents and testimony with a minimum of judicial intervention.  Discovery under

Rule 56 in order to respond to a summary judgment motion is also governed by this standard.

Imposition of Rule 37 sanctions for failure to comply with discovery demands must be weighed

in light of the full record.  See Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures,

602 F.2d 1063, 1068 (2d Cir. 1979).  Rule 37 calls upon the Court to make such orders in regard

to disclosure failures as are just.

II.     Application

Plaintiff raises two issues (see also Brown v. Pritchard, No. 09CV214, 2011 U.S. Dist.

LEXIS 67861, at *13, Docket No. 128, Order at 9 (W.D.N.Y. June 24, 2011) (Scott, Mag. J.));

first, that defendants only produced a subset of complaints and grievances lodged against

Pritchard, those complaints filed after January 2007, rather than the complaints from May of

2004 to May of 2008 (the scope of this Court's Order); second, plaintiff now demands production of grievances for other defendants.

      A.     Temporal Scope of Production and Record Retention

      Defendants contend that they produced the complaints and grievances still in existence for officer Pritchard, for about one year of the five years ordered produced.  Rule 34 allows a party to notice the production of documents in the "responding party's possession, custody, or control," Fed. R. Civ. P. 34(a)(1), and the responding party may object with stated reasons for the production, id. R. 34(b)(2)(B).  The concern plaintiff raises is spoilation, "the destruction or significant alteration of evidence, or the failure to preserve properly for another's use as evidence in pending or reasonably foreseeable litigation," Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 107 (2d Cir. 2001) (quoting West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999), that defendants destroyed evidence post-suit.  If these complaints prior to January 2008 were no longer there, the Court could possibly instruct the jury to designate facts based upon the missing documents as a discovery sanction for failure to preserve and produce, cf. Fed. R. Civ. P. 37(b)(2)(A)(i), or instruct an adverse inference of what such complaints contained, if applicable.  But such an instruction requires a finding that defendants were at least grossly negligent in handling the documents or worse intentionally destroyed the documents or acted in bad faith, Reilly v. NatWest Mkts. Group Inc., 181 F.3d 253, 267 (2d Cir. 1999) (citing Kronisch v. United States, 150 F.3d 112, 126-27 & n.11 (2d Cir. 1998); Berkovich v. Hicks, 922 F.2d 1018, 1024 (2d Cir. 1991); Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1064 (2d Cir. 1979).  Plaintiff here has not established gross negligence in DOCS using its normal record retention policies in destroying the pre-January 2008

grievances.  Plaintiff concedes that this destruction was due to DOCS policy (Docket No. 122, Pl. Letter Motion at 2) without showing proof that the destruction was due either to the pending litigation or an effort to cover up Pritchard's complaints and supervisory knowledge of them (<u>but cf.</u> Docket No. 140, Pl. Motion Requesting Sanctions ¶ 4).

   In addition, where a party seeks an adverse inference, he must show that the party having control over the evidence had an obligation to preserve it at the time it was destroyed, <u>Kronisch</u>, <u>supra</u>, 150 F.3d at 126, and that notice usually arises when that party has notice that the evidence is relevant to litigation, <u>id.</u>; <u>Byrnie</u>, <u>supra</u>, 243 F.3d at 107.  Here, the relevance of preserving these complaints and grievances only potentially arose when plaintiff made his demand for their production in March 2010 (<u>cf.</u> Docket Nos. 33 (defense response to discovery requests), 38 (plaintiff's first motion to compel)).  As he later argues (<u>cf.</u> Docket No. 140, Pl. Motion Requesting Sanctions ¶ 4), his incident occurred in 2008 but he raised later his supervisory liability contention that required production of grievances up to five years before the incident. Through the department's normal record retention policy some of the earlier records would have been destroyed prior to plaintiff's request.  This Court had denied plaintiff's first motion to compel their production in August 2010 (<u>see</u> Docket No. 67), defendants thus could have relied upon this Order to continue their normal record retention procedures and destroyed grievances as they aged.  Preservation became again relevant when this Court ordered their production on February 8, 2011 (Docket No. 96).  Since the issues in this case involve what happened to <u>plaintiff</u> and not what was alleged against the correctional officers by other inmates, defendants did not know to preserve these grievances for anticipated production in this action.

Thus, plaintiff's motion to compel what no longer exists (and implicitly other preclusive relief because of its non-existence) is **denied**.  Plaintiff will have to work with those January of 2008 and later grievances already produced by defendants.

B.      Other Defendants' Grievances

The Court reopened discovery as to grievances against Pritchard upon plaintiff's assertion that <u>Pritchard</u> was notorious within multiple DOCS facilities and therefore his supervisors may have been made aware of his prior activities (Docket No. 89, Pl. Statement of Facts ¶¶ 7-9; Docket No. 96, Order at 9; <u>see also</u> Docket No. 17, Am. Compl. ¶¶ 20-21).  Although mentioning the other defendants and the "numerous notices" lodged against them (Docket No. 89, Pl. Motion at 1), plaintiff does not describe similar instances against other inmates by these officers.  He only does so for Pritchard (<u>see</u> Docket No. 96, Order at 9, noting that plaintiff did not "allege incidents involving other corrections officers that would put the supervisory defendants on notice or establish a causal connection between supervisors and these officers' actions," <u>cf.</u> Docket No. 120, 2d Am. Compl. ¶¶ 11,12 (alleging widespread abuse at Attica, with many grievances and complaints filed against "abusive officers" there, but not specifically naming any of the officer defendants in this case)).  Plaintiff's present moving papers do not add any allegations (substantiated or otherwise) involving Sergeants Marinaccio or Hodge or officers Swack or Schuessler beyond generic allegations of abuse to justify producing these officers' grievance records.  Thus, there is no basis for producing the available grievances and complaints against these defendants.  Furthermore, this motion would have been the first notice for defendants to preserve those officers' grievances; so, for the same reasons discussed above for

9

the pre-2008 Pritchard grievances, it is not expected that defendants retain whatever grievances were lodged more than five years ago against the other officers.

As previously noted (Brown, supra, 2011 U.S. Dist. LEXIS 67861, at *11, Docket No. 128, Order at 7; Docket No. 131, Order at 3), the discovery previously ordered here was limited to establish the constructive notice (if any) of defendants Fischer and Conway to the activities of the corrections officer Pritchard.  Plaintiff has not established a basis for extending this inquiry to establish supervisory constructive notice as to the other corrections officer defendants.  The generalized allegation of inmate abuse alone is not sufficient to extend discovery to the other officer defendants.  This Court thus adheres to its earlier rulings (Docket No. 67, Order at 6; cf. Docket No. 96, Order at 9) limiting disclosure of grievances to those involving Pritchard.  Therefore, so much of plaintiff's motion to compel production of the other officers' grievances is **denied**.

## CONCLUSION

For the reasons stated above, plaintiff's latest motion to compel (Docket No. 122) is **denied**.

So Ordered.

/s/ Hugh B. Scott

Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
    November 4, 2011